# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CITY OF HARTFORD and HARTFORD BOARD OF EDUCATION, | : | CIVIL ACTION NO. |
| | : | |
| | : | 3:15-CV-01544 (RNC) |
| Plaintiffs, | : | |
| | : | JURY TRIAL DEMANDED |
| VS. | : | |
| | : | |
| MONSANTO COMPANY, SOLUTIA INC. and PHARMACIA CORPORATION, | : | |
| | : | |
| | : | |
| Defendants. | : | AUGUST 1, 2016 |

## ANSWER AND AFFIRMATIVE DEFENSES OF SOLUTIA INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND

Defendant Solutia Inc. ("Solutia") answers Plaintiffs' First Amended Complaint (Dk#22) and asserts its affirmative defenses, through counsel. To the extent any subheadings or headings in the First Amended Complaint are intended to allege disputed facts relevant to the above-captioned case, Solutia expressly denies any such allegations to the extent they are not addressed in its other Answers and denials set forth below.

### INTRODUCTION

1.      Solutia has insufficient knowledge to admit or deny statements in this paragraph concerning Plaintiffs' activities and responsibilities concerning their public schools, where they claim to have detected Aroclors, or with whom they claim to work and in what capacity. In consequence, Solutia leaves Plaintiffs to their proof.

2.      Solutia denies that making the chemical known as Aroclor 1248 and 1254 was unique to Pharmacia, LLC ("Pharmacia"). Solutia admits so much of this paragraph that asserts that "Aroclor" was a trademark for certain products of Pharmacia and that such products were

used as plasticizers in some products by sophisticated users in the United States for a variety of potential applications, including potential plasticizer applications, depending upon the physical, chemical or other properties desired by the commercial customer.  Pharmacia voluntarily ceased sales for PCB plasticizer applications as of August 1970, despite continuing customer demands for this useful product.  The remainder of this paragraph is too vague and ambiguous for Solutia to form a belief as to its truth, and in consequence Solutia denies the remainder of this paragraph.

3.      Solutia admits that the products known as Aroclors 1248 and 1254 contained PCBs.  The remainder of this paragraph asserts Plaintiffs' beliefs as to alleged health effects, which Plaintiffs further characterize in vague and ambiguous terms that do not permit Solutia to assess their truth, and in consequence Solutia denies the remainder of this paragraph.

4.      Solutia denies the allegations of this paragraph.

5.      This paragraph asserts a definition used according to Plaintiffs' preference, to which no responsive pleading is required.  To the extent Plaintiffs attempt to construe disputed facts by way of the definition in this paragraph, Solutia denies the allegations of this paragraph.

6.      Solutia admits that the United States government has implemented the Toxic Substances Control Act ("TSCA").  The remainder of this paragraph asserts legal conclusions to which no responsive pleading is required.  To the extent that this paragraph attempts to assert facts related to legislative history or the nature of Solutia products, Solutia denies the allegations of this paragraph.

7.      Solutia has insufficient knowledge of Plaintiffs' motivations to assess the truth of this paragraph.  To the extent that this paragraph attempts to assert disputed facts relevant to matters in this lawsuit, Solutia denies the allegations of this paragraph.

## PARTIES

8.      This paragraph repeats and summarizes allegations set forth in Paragraph 1, and Solutia refers Plaintiffs to its Answer and denials set forth in Paragraph 1 above.

9.      This paragraph asserts legal conclusions which require no responsive pleading. To the extent that this paragraph attempts to assert disputed facts relevant to matters in this lawsuit, Solutia denies the allegations of this paragraph.

10.      This paragraph asserts legal conclusions which require no responsive pleading. To the extent that this paragraph attempts to assert disputed facts relevant to matters in this lawsuit, Solutia denies the allegations of this paragraph.

11.      Solutia has insufficient knowledge to assess the duties and responsibilities of Hartford's Board of Education ("Board") and therefore can neither admit nor deny allegations concerning the Board in this paragraph.  The remainder of this paragraph asserts legal conclusions that require no responsive pleading.  To the extent that this paragraph attempts to assert disputed facts relevant to matters in this lawsuit, Solutia denies the allegations of this paragraph.

12.      Solutia has insufficient knowledge to assess the allegations of this paragraph and therefore can neither admit nor deny the allegations of this paragraph.  In consequence, Solutia denies the allegations of this paragraph.

13.      The allegations contained in this paragraph are directed to a Defendant other than Solutia.  As such, no response is required.  To the extent a response is required, Solutia states that Monsanto Company is a Delaware corporation with its principal place of business in St. Louis County, Missouri.

14.      Solutia admits the allegations of this paragraph.

15.     The allegations contained in this paragraph are directed to a Defendant other than Solutia.  As such, no response is required.  To the extent a response is required, Solutia states that Defendants admit that Pharmacia LLC ("Pharmacia") is a limited liability company, that its sole member is Wyeth Holdings LLC and that Wyeth Holdings LLC is wholly owned by Pfizer Holdings Americas Corporation, which is incorporated under the laws of Delaware with its principal place of business in New York.  Solutia denies the remaining allegations of this paragraph.

16.     Solutia admits that an entity formerly known as Monsanto Company (n/k/a Pharmacia) once operated agricultural, chemical, and pharmaceutical businesses, that the chemicals business was spun-off to Solutia Inc. in 1997, that since 2000 the company now known as Monsanto Company has operated the agricultural business, and that Pharmacia retained the pharmaceutical business.  Solutia admits that Pharmacia commenced manufacturing PCBs in the 1930s under the name "Monsanto"; that Pharmacia ceased manufacturing PCBs for uses other than as dielectric fluids in the early 1970s; and that Pharmacia ceased manufacturing PCBs for dielectric fluids in 1977.  Solutia denies all remaining allegations of this paragraph.

17.     Solutia incorporates its response to Paragraph 16 above and denies all remaining allegations of this paragraph.

18.     Solutia admits that Pharmacia's commercial chemical business was transferred to Solutia in 1997 and that the rights and responsibilities of the parties to the transaction are detailed in various complex corporate transactional and legal documents publicly and otherwise made available to Plaintiffs, the terms of which speak for themselves.  In consequence, no further responsive pleading is required.  Further, Defendants' legal position concerning the proper characterization of these complex corporate documents has been previously provided to

Plaintiffs' counsel (*see e.g.*, Doc. 134 in *Town of Lexington v. Pharmacia Corp., et al.*, C.A. No. 12-CV-11645 (D. Mass.).   Solutia denies all remaining allegations of this paragraph.

19.   Solutia admits that various indemnity agreements exist as spelled out in various complex corporate transactional and legal documents publicly and otherwise made available to Plaintiffs' counsel, the terms of which speak for themselves.  In consequence, no further responsive pleading is required.  Further, the legal position of the Defendants concerning the proper characterization of these complex corporate documents has been previously provided to Plaintiffs' counsel (*see e.g.,* Doc. 134 in *Town of Lexington v. Pharmacia Corp.*, et al., C.A. No. 12-CV-11645 (D. Mass.)).  Solutia denies all remaining allegations of this paragraph.

20.   Solutia admits that it filed a bankruptcy petition in 2003 and ultimately emerged from bankruptcy in 2008.  The rights and responsibilities of the parties to the transaction are detailed in various complex corporate transactional and legal documents publicly and otherwise available to Plaintiffs, the terms of which speak for themselves.  In consequence, no further responsive pleading is required.  Further, the legal position of the Defendants concerning the proper characterization of these complex corporate documents has been previously provided to Plaintiffs' counsel (*see e.g.,* Doc. 134 in *Town of Lexington v. Pharmacia Corp., et al.*, C.A. No. 12-CV-11645 (D. Mass.)).  Solutia denies all remaining allegations of this paragraph.

21.   This paragraph asserts a definition used according to Plaintiffs' preference, to which no responsive pleading is required.  To the extent that Plaintiffs attempt to assert construe disputed facts by way of the definition in this paragraph, in particular their conflation of three separate and distinct corporations, Solutia denies the allegations of this paragraph.

**JURISDICTION AND VENUE**

22.     This paragraph asserts conclusions of law to which no responsive pleading is required; however, Defendants admit that this Court has diversity jurisdiction pursuant to 28 U.S.C. Section 1332.  To the extent that Plaintiffs assert disputed facts relevant to this lawsuit, Solutia incorporates its Answer and denials set forth in Paragraphs 13 to 15 above.

23.     This paragraph asserts conclusions of law to which no responsive pleading is required; however, Defendants admit that venue appears to be appropriate in this judicial district. To the extent that Plaintiffs assert disputed facts relevant to this lawsuit, Solutia has insufficient knowledge to admit or deny such facts and, in consequence, denies the remaining allegations of this paragraph.

**FACTUAL ALLEGATIONS**

24.     Solutia admits that plasticizers were a useful component in other fully formulated or assembled products manufactured by other companies.  Otherwise, Solutia lacks sufficient information either to admit or deny the remaining allegations of this paragraph and, in consequence, denies the remaining allegations of this paragraph.

25.     Solutia admits that Pharmacia manufactured PCBs in bulk and distributed PCBs under the trademarked name "Aroclor."  Solutia admits that Aroclors 1248 and 1254 contained PCBs.  The PCB content, if any, of other Aroclors, is set forth in Technical and Application Bulletins, the contents of which speak for themselves.  Solutia denies the remaining allegations of this paragraph.

26.     Solutia admits that PCBs were sold in bulk to sophisticated entities who were aware of the chemical and physical properties of PCBs, as detailed in Pharmacia's Technical and Application Bulletins.  Solutia lacks sufficient information to admit or deny the remaining

allegations of this paragraph and, in consequence, denies the remaining allegations of this paragraph.

27.    Solutia denies the allegations of this paragraph.

28.    Solutia lacks sufficient information to either admit or deny allegations concerning Plaintiffs' "information and belief."  Solutia denies the remaining allegations of this paragraph.

29.    Solutia denies the allegations of this paragraph.

30.    Solutia admits so much of this paragraph that alleges Pharmacia distributed PCBs under the trademarked name "Aroclor" and that the PCBs were sold to sophisticated entities who were aware of the chemical and physical properties of PCBs, as detailed in Pharmacia's Technical and Application Bulletins. Such Bulletins included representative statements that "Aroclor compounds are a series of chlorinated biphenyls and chlorinated polyphenyls".  Solutia denies all remaining allegations of this paragraph.

31.    Solutia denies the allegations of this paragraph, with the exception that it admits that Pharmacia ceased manufacturing PCBs for uses other than as dielectric fluids in the early 1970s.

32.    Solutia denies the allegations of this paragraph.

33.    Solutia denies the allegations of this paragraph, with the exception that Solutia admits that PCBs were purchased and used by a wide range of sophisticated entities (often other chemical companies, electrical companies, and manufacturers) in large part because they were highly stable and were excellent dielectric fluids.

34.    Solutia lacks sufficient information to admit or deny the allegations of this paragraph and, in consequence, denies the allegations of this paragraph.

35.     Solutia lacks sufficient information to admit or deny the allegations of this paragraph and, in consequence, denies the allegations of this paragraph.

36.     Solutia denies the allegations of this paragraph.

37.     Solutia admits that, depending upon the nature of alleged exposure and dose, PCBs can, in theory, enter a human body.  All remaining allegations in this paragraph are overbroad and vague and, to the extent Plaintiffs attempt to allege any other disputed facts, Solutia denies the remaining allegations of this paragraph.

38.     Solutia denies the allegations of this paragraph.

39.     Solutia denies the allegations of this paragraph.

40.     In the phrase "sufficient scientific" as used in this paragraph is vague and ambiguous and has no cognizable meaning.  Solutia admits so much of this paragraph that alleges that agencies such as the EPA and the International Agency for Research on Cancer ("IARC") have published reports or promulgated regulations regarding PCBs, some of which include discussions about possible carcinogenicity in humans.  Solutia denies that PCBs are carcinogenic or that EPA or any other regulatory agency or entity or person has established, based on good and reliable science, that PCBs are carcinogenic.  Solutia denies all remaining allegations of this paragraph.

41.     Solutia denies the allegations of this paragraph, with the exception that Solutia admits that EPA has promulgated regulations and published reports regarding PCBs, some of which refer to toxicity.

42.     Solutia currently lacks sufficient knowledge at this time to confirm or deny the alleged quotation, without source or attachment, which Plaintiffs attribute to the Agency for Toxic Substances and Disease Registry ("ATSDR") in this paragraph.  Further, the quotation is

vague and ambiguous and appears on its face to assert no distinct factual conclusion.  To the extent that this paragraph alleges any disputed facts relevant to this lawsuit, Solutia therefore denies the allegations of this paragraph, with the exception that Solutia admits that ATSDR has published statements regarding PCBs and possible human health effects.

43.     Solutia denies that non-contextual reference to the "toxicity" of a chemical, including of PCBs, has any meaning without the nature and extent of exposure and dose.  To the extent that the "1930s"-era documents exist, to which Plaintiff makes vague references without source or attachment, the contents will speak for themselves and no further responsive pleading is required.  Solutia lacks sufficient information to admit or deny the remaining allegations of this paragraph and, in consequence, denies the remaining allegations of this paragraph.

44.     Solutia cannot admit or deny the allegations of this paragraph without specific reference to the document vaguely alluded to by Plaintiffs, which is not attached to the First Amended Complaint, and, in consequence, Solutia denies the allegations of this paragraph.  To the extent such a document exists, it will speak for itself.

45.     Solutia admits that Pharmacia warned against exposure to the fumes of PCBs heated to elevated temperatures (for example in capacitor ovens), warnings which have been produced to Plaintiffs' counsel.  The terms and dates of such warnings will speak for themselves.  Solutia denies all remaining allegations of this paragraph.

46.     With regard to "toxicity," Solutia incorporates its Answer and denials to Paragraph 43 above.  To the extent the "1950s"-era documents exist, to which Plaintiffs vaguely make reference in this paragraph without source or attachment, the contents will speak for themselves and no further responsive pleading is required.  Solutia lacks sufficient information to

admit or deny the truth of all remaining allegations of this paragraph and, in consequence, denies the allegations of this paragraph.

47.    With regard to "toxicity," Solutia incorporates its Answer and denials to Paragraph 43 above.  To the extent the documents exist, to which Plaintiffs vaguely make reference in this paragraph without source or attachment, the contents will speak for themselves and no further responsive pleading is required.  Solutia lacks sufficient information to admit or deny the truth of all allegations of this paragraph and, in consequence, denies the allegations of this paragraph.

48.    Because Plaintiffs vaguely make reference to documents in this paragraph without source citation or attachment, Solutia lacks sufficient information to admit or deny the allegations of this paragraph, and therefore Solutia denies the allegations of this paragraph.  To the extent the document or documents exist, the contents will speak for themselves.  Solutia further states that Plaintiffs' purported characterization of Dr. Kelly's supposed actions or inactions in response to unidentified document(s) appear to be inaccurate, subjective, and self-serving interpolation.

49.    Because Plaintiffs vaguely make reference to documents in this paragraph without source citation or attachment, Solutia lacks sufficient information to admit or deny the allegations of this paragraph, and therefore Solutia denies the allegations of this paragraph.  To the extent the document or documents exist, the contents will speak for themselves.

50.    Solutia denies the first sentence of this paragraph.  Because Plaintiffs vaguely make reference to documents in this paragraph without source citation or attachment, Solutia lacks sufficient information to admit or deny the second and third sentences of this paragraph and therefore denies the factual allegations of the sentences, other than to note that the Plaintiffs'

purported quotes appear incomplete and out of context.  To the extent the documents exist, the contents will speak for themselves.

51.     Because Plaintiffs vaguely make reference to documents in this paragraph without source citation or attachment, Solutia lacks sufficient information to admit or deny the allegations of this paragraph, and therefore Solutia denies the allegations of this paragraph.  To the extent the documents exist, the contents will speak for themselves.

52.     Solutia specifically denies that any such alleged statements vaguely alleged in this paragraph were made in "the mid-1960s".  Because Plaintiffs vaguely make reference to documents in this paragraph without source citation or attachment, Solutia lacks sufficient information to admit or deny the remaining allegations of this paragraph, and therefore Solutia denies the allegations of this paragraph.  To the extent the documents exist, the contents will speak for themselves.

53.     Solutia denies the allegations of this paragraph.

54.     Because Plaintiffs vaguely make reference to documents in this paragraph without source citation or attachment, Solutia lacks sufficient information to admit or deny the allegations of this paragraph and therefore denies the allegations of this paragraph, other than to note that the Plaintiffs' purported quotes appear to be incomplete, self-serving interpolations taken out of context.  To the extent the documents exist, the contents will speak for themselves.

55.     Because Plaintiffs vaguely make reference to documents in this paragraph without source citation or attachment, Solutia lacks sufficient information to admit or deny the allegations of this paragraph and therefore denies the allegations of this paragraph.  To the extent the documents exist, the contents will speak for themselves.

56.     Because Plaintiffs vaguely make reference to documents in this paragraph without source citation or attachment, Solutia lacks sufficient information to admit or deny the allegations of this paragraph and therefore denies the allegations of this paragraph.  To the extent the documents exist, the contents will speak for themselves.

57.     Because Plaintiffs vaguely make reference to documents in this paragraph without source citation or attachment, Solutia lacks sufficient information to admit or deny the allegations of this paragraph and therefore denies the allegations of this paragraph.  To the extent the documents exist, the contents will speak for themselves.

58.     Solutia denies the allegations of this paragraph, except that Solutia admits that Pharmacia ceased manufacturing PCBs for uses other than as dielectric fluids in the early 1970s.

59.     Because Plaintiffs vaguely make reference to documents in this paragraph without source citation or attachment, Solutia lacks sufficient information to admit or deny the allegations of this paragraph and therefore denies the allegations of this paragraph.  To the extent the documents exist, the contents will speak for themselves.

60.     Solutia denies the allegations of this paragraph.

61.     Because Plaintiffs vaguely make reference to documents in this paragraph without source citation or attachment, Solutia lacks sufficient information to admit or deny the allegations of this paragraph and therefore denies the allegations of this paragraph.  To the extent the documents exist, the contents will speak for themselves.

62.     Solutia denies the allegations of the first sentence of this paragraph.  Because Plaintiffs vaguely make reference to a document in this paragraph without source citation or attachment, Solutia lacks sufficient information to admit or deny the allegations of the quotation

in this paragraph and therefore denies the allegations of this paragraph.  To the extent the documents exist, the contents will speak for themselves.

63.     Solutia denies the allegations of this paragraph.

64.     Solutia lacks sufficient information to admit or deny the allegations in this paragraph.  To the extent Plaintiffs seek to imply liability on the part of Pharmacia or any other Defendant, Solutia expressly denies the allegations of this paragraph.

65.     Solutia admits that federal legislation related to PCBs was put into effect in 1979.  The remaining allegations in this paragraph attempt to construe or interpret issues of law and regulation, and therefore no further responsive pleading is required.  To the extent an answer is deemed required, Solutia denies the remaining allegations of this paragraph.

66.     Solutia denies the allegations of this paragraph, except to admit that the federal EPA issued a press release in September 2009 related to caulk containing PCBs, which press release speaks for itself.

67.     Solutia denies the allegations of this paragraph, except to admit that the EPA issued a press release in December 2013, which speaks for itself, directed at fluorescent lighting with ballasts containing PCBs.

68.     The allegations of this paragraph attempt to construe conclusions of law to which no answer is required.  To the extent an answer is deemed required, Solutia denies the allegations of this paragraph.

69.     Solutia denies the allegations of this paragraph.

70.     Solutia admits that Plaintiffs operate a public school system in Hartford, Connecticut.  Solutia lacks sufficient information to admit or deny the remaining allegations of this paragraph and, in consequence, denies the remaining allegations of this paragraph.

71.     Solutia expressly denies the last sentence of this paragraph.  Solutia lacks sufficient information to admit or deny the remaining allegations of this paragraph and, in consequence, denies the remaining allegations of this paragraph.

72.     Solutia lacks sufficient information to admit or deny the allegations of this paragraph and, in consequence, denies the allegations of this paragraph.

73.     Solutia lacks sufficient information to admit or deny the allegations of this paragraph and, in consequence, denies the allegations of this paragraph.  Solutia expressly denies the last sentence of this paragraph.

74.     Solutia denies the allegations of this paragraph.

75.     This paragraph construes conclusions of law to which no responsive pleading is required.  To the extent that any allegations of this paragraph may be construed as allegations of disputed facts, Solutia denies the allegations of this paragraph.

76.     This paragraph construes conclusions of law to which no responsive pleading is required.  To the extent that any allegations of this paragraph may be construed as allegations of disputed facts, Solutia denies the allegations of this paragraph.

77.     Solutia denies the allegations of this paragraph and further states that it has insufficient knowledge to admit or deny the allegations of this paragraph concerning when schools were built, allegations about which Plaintiffs contradict themselves in their First Amended Complaint.

78.     Solutia denies the allegations of this paragraph.

79.     Solutia denies the allegations of this paragraph.

80.     Solutia denies the allegations of this paragraph.

## FIRST CAUSE OF ACTION

### CONNECTICUT PRODUCTS LIABILITY ACT STRICT LIABILITY

81.     Solutia here incorporates by reference, as if fully restated here, its Answers and denials set forth in all preceding paragraphs.

82.     Solutia here incorporates its Answer and denials set forth in Paragraph 16 above. In addition, Solutia admits that PCBs were sold in bulk to sophisticated entities who were aware of the chemical and physical properties of PCBs, as detailed in Pharmacia's Technical and Application Bulletins and other communications.  Solutia denies all remaining allegations in this paragraph.

83.     Solutia denies the allegations of this paragraph.

84.     Solutia here incorporates its Answer and denials set forth in Paragraph 82 above. Solutia denies the remaining allegations of this paragraph.

85.     Because Plaintiffs vaguely make reference to documents in this paragraph without source citation or attachment, Solutia lacks sufficient information to admit or deny the allegations of this paragraph and, in consequence, denies the allegations of this paragraph, other than to note that the Plaintiffs' purported quotations appear incomplete, self-serving, and out of context.  To the extent that the documents to which Plaintiffs refer exist, their contents will speak for themselves along with additional documents that Defendants may choose to designate.  Solutia denies all remaining allegations in this paragraph.

86.     Solutia denies the allegations of this paragraph.

87.     Solutia denies the allegations of this paragraph.

88.     Solutia here incorporates its Answer and denials set forth in Paragraph 82 above. Solutia expressly denies the remaining allegations of this paragraph as they pertain to Plaintiffs' acts, omissions, and use of products.

89.     Solutia denies the allegations of this paragraph.

90.     Solutia denies the allegations of this paragraph and all its subparts.

91.     Solutia denies the allegations of this paragraph.

92.     Solutia denies the allegations of this paragraph.

93.     Solutia denies the second sentence of this paragraph and is without sufficient information to either admit or deny the remaining allegations of this paragraph.  In consequence, Solutia denies the remaining allegations of this paragraph.

94.     Solutia denies the allegations of this paragraph.

95.     Solutia denies the allegations of this paragraph.

96.     The allegations of this paragraph are vague and ambiguous because "migrate of their applications" has no cognizable meaning.  Solutia denies all remaining allegations in this paragraph.

97.     Plaintiffs make inconsistent allegations as to when the school buildings identified in the First Amended Complaint were built.  Therefore Solutia here incorporates its Answers and denials to Paragraphs 71 and 73 above and, in consequence, further denies any allegations of this paragraph concerning the year the identified school buildings were built.  Solutia denies the remaining allegations of this paragraph.

98.     Solutia denies the allegations of this paragraph.

99.     Solutia denies the allegations of this paragraph.

100.    Solutia denies the allegations of this paragraph.

101.    Solutia denies the allegations of this paragraph.

102.    Because Plaintiffs make reference to documents in this paragraph without source citation or attachment, Solutia lacks sufficient information to admit or deny the allegations of this

paragraph and, in consequence, denies the allegations of this paragraph, other than to note that the Plaintiffs' purported quotation appears to be self-serving interpolation.  To the extent such a document exists, it will speak for itself.

103.    Solutia states that the allegations of this paragraph are vague and ambiguous and make no sense due to Plaintiffs' use of a closed quotation without indication of where the purported quotation begins.  Because Plaintiffs also make vague reference to documents in this paragraph without source citation or attachment, Solutia lacks sufficient information to admit or deny the allegations of this paragraph and, in consequence, denies the allegations of this paragraph.  To the extent such a document exists, it will speak for itself.

104.    Because Plaintiffs make reference to a document in this paragraph without source citation or attachment, Solutia lacks sufficient information to admit or deny the allegations of this paragraph and, in consequence, denies the allegations of this paragraph, other than to note that the Plaintiffs' purported quotation appears to be self-serving interpolation.  To the extent such a document exists, it will speak for itself.

105.    Because Plaintiffs make reference to documents in this paragraph without source citation or attachment, Solutia lacks sufficient information to admit or deny the allegations of this paragraph and, in consequence, denies the allegations of this paragraph, other than to note that the Plaintiffs' purported quotation appears to be self-serving interpolation.  To the extent such a document exists, it will speak for itself.

106.    Because Plaintiffs make reference to documents in this paragraph without source citation or attachment, Solutia lacks sufficient information to admit or deny the allegations of this paragraph and, in consequence, denies the allegations of this paragraph, other than to note that

the Plaintiffs' purported quotation appears to be self-serving interpolation.  To the extent such

documents exist, its contents will speak for themselves.

108.    Solutia denies the allegations of this paragraph.

107.    Solutia denies the allegations of this paragraph.

108.    Solutia denies the allegations of this paragraph.

109.    Solutia denies the allegations of this paragraph.

110.    Solutia denies the allegations of this paragraph.

111.    Solutia denies the allegations of this paragraph.

112.    Solutia denies the allegations of this paragraph.

## SECOND CAUSE OF ACTION

### CONNECTICUT PRODUCTS LIABILITY ACT FAILURE TO WARN

113.    Solutia here incorporates by reference, as if fully restated here, its Answers and

denials set forth in all preceding paragraphs.

114.    Solutia denies the allegations of this paragraph.

115.    Solutia denies the allegations of this paragraph and all its subparts.

116.    Solutia denies the allegations of this paragraph.

117.    Solutia denies the allegations of this paragraph.

118.    Solutia denies the allegations of this paragraph.

119.    Solutia denies the allegations of this paragraph.

120.    Solutia denies the allegations of this paragraph.

121.    Solutia denies the allegations of this paragraph.

## THIRD CAUSE OF ACTION

### CONNECTICUT PRODUCTS LIABILITY ACT NEGLIGENCE

122.    Solutia here incorporates by reference, as if fully restated here, its Answers and

denials set forth in all preceding paragraphs.

123.     Solutia denies the allegations of this paragraph.

124.     Solutia denies the allegations of this paragraph.

125.     Solutia here incorporates its Answer and denials set forth in Paragraph 82 above.

Solutia lacks sufficient information to admit or deny the remaining allegations of this paragraph

and, in consequence, denies the remaining allegations of this paragraph.

126.     Solutia denies the allegations of this paragraph.

127.     Solutia denies the allegations of this paragraph and all subparts.

128.     Solutia denies the allegations of this paragraph.

129.     Solutia denies the allegations of this paragraph.

**Solutia denies each and every allegation not specifically admitted above.**

**Plaintiffs' Fourth (Public Nuisance), Fifth (Private Nuisance) and Sixth (Trespass) Causes of Action have been dismissed with Plaintiffs' consent (see Dk# 37 at 2) and therefore no responsive pleading is required as to any allegations in paragraphs 130 through 147 of the First Amended Complaint.**

**To the extent that any responsive pleading is required, Solutia denies the allegations in paragraphs 130 through 147 of the First Amended Complaint.**

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' claims are barred by applicable statutes of limitations or statutes of repose or

both, in particular, but not limited to, Conn. Gen. Stat. §§ 52-577a and 52-577c.

### Second Affirmative Defense

Plaintiffs' claims are preempted by federal law, including without limitation, the TSCA,

the Federal Food, Drug, and Cosmetic Act (FDCA), and all their predecessors and amendments

and any other applicable statutes or federal law.  Specifically, Plaintiffs' claims are preempted

under Article VI of the Constitution of the United States, by TSCA's express preemption

provision 15 USC § 2617(a)(2)(B), FDCA's provision 21 USC § 346, and related statutory provisions and federal regulations implementing those laws.

### Third Affirmative Defense

Plaintiffs' claims for breach of warranty fail because Plaintiffs did not transact any business with any Defendant in this civil action, and there is no privity between Plaintiffs and any Defendant, up to and including at the time when any schools at issue were substantially completed.

### Fourth Affirmative Defense

Plaintiffs' claims for breach of warranty fail because any injury causing property damage at any school at issue in this civil action occurred prior to substantial completion of any such schools or facilities, and Solutia therefore did not impliedly warrant such products.[1]

### Fifth Affirmative Defense

Pharmacia sold PCBs in bulk for use as a component by sophisticated formulators and other assemblers of end products, many of whom were chemical companies or employed chemists and chemical engineers.  These sophisticated users were at least as knowledgeable as Pharmacia regarding the risks and hazards, if any, associated with the use and disposal of the product and were in the best position to convey appropriate use, handling, and precautionary information and other warnings.  Any duty to warn end users of formulated or fully assembled end products reposed in the sophisticated formulator or assembler – not Solutia.

---

[1] Solutia first came into existence in 1997 and the current and present Monsanto Company first came into existence in 2000.  Neither Solutia nor the present Monsanto ever manufactured or sold PCBs.  For the detailed reasons previously provided to Plaintiffs' counsel (*see e.g.*, Doc. 134 in *Town of Lexington v. Pharmacia Corp., et al*., C.A. No. 12-CV-11645 (D. Mass.)), neither Monsanto nor Solutia are directly liable in tort to Plaintiffs for any alleged acts or omissions of Pharmacia in relation to its manufacture and sale of PCBs between 1935 and 1977 or otherwise.  Solutia and Monsanto each adopt and incorporate by reference each and every affirmative defense asserted by and concerning Pharmacia, without prejudice to any motions for summary judgment.

## Sixth Affirmative Defense

Plaintiffs' claim for breach of implied warranty for an alleged design defect fails because PCBs as chemical compounds cannot be designed differently.  Pharmacia sold PCBs in bulk for use as a component by formulators and other assemblers of products sold to end users.  Solutia did not participate in the formulation, design, or assembly of the end products containing PCBs and bears no responsibility for their design.

## Seventh Affirmative Defense

Plaintiffs' claim for breach of implied warranty for failure to warn fails because the nature of the formulations and fully assembled products, including quantities and synergies of chemicals, minerals, additives, and PCBs used, were unknown to Solutia.  As Solutia did not participate in the formulations, design, or assembly of the end products containing PCBs, it bears no responsibility for warnings related to those products.

## Eighth Affirmative Defense

Pharmacia's conduct (for which Plaintiffs also seek to hold Monsanto and Solutia liable) was at all times in conformity with the generally recognized state of scientific, medical, and technological knowledge (state of the art) that existed at the time that it prepared, issued, and distributed its safe-handling and warning materials for PCBs and PCB products allegedly at issue in this civil action.  Further, Pharmacia's conduct at all times conformed to the state of the art existing at the time that the PCBs or PCB products allegedly at issue in this civil action were designed, manufactured, tested, packaged, labeled, sold, or distributed by the original Monsanto Company.  Pharmacia's conduct and activities, including its warnings, were reasonable, prudent, and common in the industry, and they met any and all applicable standards.

### Ninth Affirmative Defense

At all relevant times, Solutia had no knowledge, either actual or constructive, and no reason to know of alleged propensities, if any, of the materials complained of in Plaintiffs' First Amended Complaint, either of their alleged propensity to cause or contribute to any supposed injury or damage to property or to illnesses of any type.  Solutia could not have acquired such knowledge by the application of reasonable, developed human skill and foresight.

### Tenth Affirmative Defense

Plaintiffs' claims and purported causes of action are barred in whole or in part by Connecticut's Modified Consumer Expectations Standard and its balancing test for risk versus utility.  If it is determined that there was a risk inherent in the use of PCBs or any other product allegedly sold or supplied by Solutia, then such risk was outweighed by the benefits of PCBs or any other product allegedly at issue in this civil action.

### Eleventh Affirmative Defense

Any PCBs at issue in this civil action were independently and materially altered and modified by others, within the meaning of Conn. Gen. Stat. § 52-572p, including by Plaintiffs or agents of Plaintiffs, over whom Solutia had no control.

### Twelfth Affirmative Defense

Solutia obtained all permits and licenses required by law and acted with due care and in accordance with federal, state, and local laws and regulations in effect at the time of any alleged acts or omissions at issue in this civil action.  Retroactive application of statutes, regulations, or case law to any alleged acts or omissions of Solutia is barred and violates the Constitution of the United States and all applicable State Constitutions, including that of the State of Connecticut.

**Thirteenth Affirmative Defense**

Plaintiffs' claims fail because their own conduct, alone or in conjunction with others unconnected to Solutia, was the sole proximate cause of the Plaintiffs' alleged property damage (if any).  Further, any alleged act or omission of Solutia or anyone for whom Solutia is legally responsible was not a substantial factor in bringing about the alleged injuries and damages (if any) for which Plaintiffs seek recovery.

**Fourteenth Affirmative Defense**

Plaintiffs' negligence and breach of warranty claims fail because their alleged damages were caused by the acts and omissions of third persons over whom Solutia had neither control nor responsibility.

**Fifteenth Affirmative Defense**

Plaintiffs' claims are barred in whole or in part due to their own negligent acts and omissions, including their failure to properly repair and maintain any and all public schools at issue in this civil action.  To the extent that Plaintiffs' negligence does not bar recovery in its entirety, Plaintiffs' recovery must be proportionally reduced due to their negligence in accord with Conn. Gen. Stat. § 52-572h.

**Sixteenth Affirmative Defense**

Solutia is entitled to protections of the Connecticut Constitution and any and all other applicable state constitutional provisions, statutory provisions, and rules relating to the application of comparative fault principles.

**Seventeenth Affirmative Defense**

Plaintiffs' breach of warranty claims fail because they knowingly and unreasonably proceeded to use the end products about which they now complain in the face of state and federal

statutes, regulations, municipal codes, and standard practices applicable to them and to their school buildings and facilities.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred by the economic loss doctrine.

### Nineteenth Affirmative Defense

Plaintiffs' claims are barred because any alleged property damage arose from detailed specifications for the building products installed or applied at the school properties at issue in this civil action, including materials to be used in such products, promulgated by them, their contractors, and their architects.

### Twentieth Affirmative Defense

Plaintiffs failed to mitigate their damages.

### Twenty-First Affirmative Defense

Plaintiffs were expressly instructed by the Connecticut Department of Public Health that there was no immediate threat to human health from airborne PCBs contained in building products and that it did not need to undergo testing of any schools or facilities at issue in this civil litigation.  Despite such advice, Plaintiffs knowingly and purposefully chose to undertake such testing and thereby willingly incurred their alleged monetary damages.

### Twenty-Second Affirmative Defense

Plaintiffs' alleged damages are impermissibly remote and speculative.

### Twenty-Third Affirmative Defense

To the extent any liability is assessed against Defendants, liability which Defendants expressly denied, Defendants pray for a determination and apportionment of fault among Plaintiffs, Defendants, and other persons or entities who may or may not be parties at the time

any cause of action in this civil litigation is submitted to a jury or trier of fact and in accord with Conn. Gen. Stat. § 52-572o.

### Twenty-Fourth Affirmative Defense

Solutia is entitled to set off any and all settlements reached by others in accord with Conn. Gen. Stat. § 52-572h(n).

### Twenty-Fifth Affirmative Defense

Plaintiffs' claims for punitive damages, if granted, would violate the Eighth and Fourteenth Amendments of the Constitution of the United States and would also violate Article First and all other applicable provisions of the Constitution of the State of Connecticut because Plaintiffs' claims seek to impose an excessive fine upon the Defendants, are penal in nature, seek to punish Defendants under unconstitutionally vague standards, and violate due process.

### Twenty-Sixth Affirmative Defense

No conduct, act, or omission of Defendants as alleged in the First Amended Complaint was or is willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of Plaintiffs or for the safety of the public.  Nor does any of the conduct, acts, or omissions of Solutia as alleged in the First Amended Complaint demonstrate that Solutia acted with a high degree of moral culpability.  Solutia exercised reasonable care at all times alleged in the First Amended Complaint and Plaintiffs fail to clearly establish any entitlement to punitive damages based on their allegations.

### Twenty-Seventh Affirmative Defense

The Constitution of the United States and the Constitution of the State of Connecticut prohibit an award of punitive damages, where Plaintiffs impermissibly seek to hold an entity incorporated in 1997 (and discharged in bankruptcy in 2008) and an entity incorporated in 2000

liable for alleged acts and omissions of Solutia (which liability Defendants deny in any case), between 1935 and 1977.

### Twenty-Eighth Affirmative Defense

To the extent Plaintiffs pleaded allegations of fraud, their claims fail to satisfy the specificity and particularity requirements of Fed. R. Civ. P. 9(b), being instead merely generic and conclusory allegations that fail to state a claim on which relief can be granted.

### Twenty-Ninth Affirmative Defense

Plaintiffs' claims are barred by the doctrines of estoppel, waiver, and latches, because they have delayed for an unreasonable period of time in filing and pursuing their alleged claims (among other reasons).

### Thirtieth Affirmative Defense

Plaintiffs' theories of product liability sounding in breach of warranty are barred because Plaintiffs failed to give any Defendants timely notice of the alleged breach, thereby causing the Defendants undue prejudice.

### Thirty-First Affirmative Defense

Plaintiffs assumed the risk of injury in the use of any alleged products at issue in this civil action.

### Thirty-Second Affirmative Defense

Solutia adopts all defenses and affirmative defenses pleaded by other Defendants or available under Connecticut law and reserves the right to plead additional affirmative defenses at such time it becomes aware of same due to its investigation and discovery in this civil action.

## **JURY DEMAND**

Solutia demands a trial by jury on all claims and defenses triable by jury raised in this litigation.

WHEREFORE, Solutia requests that the First Amended Complaint be dismissed at Plaintiffs' costs, with Solutia's costs and attorneys' fees reimbursed.

DEFENDANTS,

**MONSANTO COMPANY, SOLUTIA INC.** and **PHARMACIA CORPORATION**,

By: */s/ Paul D. Williams*
      Paul D. Williams (ct05244)
      pdwilliams@daypitney.com
      Elizabeth C. Barton (ct07660)
      ecbarton@daypitney.com
      Michael Thad Allen (ct29813)
      mallen@daypitney.com
      Michael L. Miller (ct29137)
      mlmiller@daypitney.com
      Day Pitney LLP
      242 Trumbull Street
      Hartford, CT  06103-1212
      (860) 275-0100
      (860) 275-0343 (fax)

      Their Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Michael L. Miller*
Michael L. Miller (ct29137)
mlmiller@daypitney.com
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06013-1212
(860) 275-0100
(860) 275-0343 (fax)