```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

CITY OF HARTFORD and                :
HARTFORD BOARD OF EDUCATION,        :
                                    :
     Plaintiffs,                    :
                                    :
     v.                             :   CASE NO.  3:15cv1544(RNC)
                                    :
MONSANTO COMPANY,                   :
SOLUTIA INC. and PHARMACIA          :
CORPORATION,                        :
                                    :
     Defendants.                    :
```

## RULING ON PLAINTIFFS' MOTION TO COMPEL

The plaintiffs, the City of Hartford and the Hartford Board of Education, bring this action pursuant to the Connecticut Products Liability Act against the defendants, Monsanto Company, Solutia Inc., and Pharmacia LLC, alleging that the defendants are liable for PCB contamination at the Clark Elementary School in Hartford, Connecticut.  (Doc. #71, Pls' Second Amended Compl.)  Pending before the court is the plaintiffs' motion to compel.[1]  (Doc. #77.) There have been a number of developments since the motion was filed.[2]  The court heard oral argument on June 21, 2017.  The court

---

[1]There have been numerous submissions.  After the motion was fully briefed, the defendants filed a "Supplemental Response" (doc. #129) on April 11, 2017 in which they disclosed additional responses to certain requests at issue in the plaintiffs' motion to compel.  On April 20, 2017, the plaintiffs filed a "reply" (doc. #132) to defendants' supplemental response, to which the defendants filed a response (doc. #139) on May 31, 2017. On June 2, 2017, the plaintiffs filed a "Notice of Supplemental Authority." (Doc. #142.)

[2]Notably, during oral argument, the court learned for the first time that the defendants had agreed (1) to convert their paper archive to an electronically accessible format and (2) to provide plaintiffs access to the electronic system.

rules as follows:

A.   <u>Production Requests 11, 12, 13, 22, 23, 26 and 27</u>

1.   Request for Production 11 is granted.  In their supplemental production, the defendants disclosed the "testimonial history" of the individuals listed in the plaintiffs' request.  (Doc. #129.) The defendants, however, object to providing the transcripts on the grounds of relevance and burden. (Doc. #129 at 2.)  The objections are overruled.  The requested information is relevant to the plaintiffs' claims and the defendants have made no showing as to the nature and extent of the actual burden they would face in responding to the plaintiffs' requests.  "Under well-settled law, the party resisting production bears the responsibility of establishing undue burden."  <u>Michanczyk v. Metropolitan Life Ins. Co.</u>, No. 3:05CV1903, 2007 WL 926911, at *2 (D. Conn. Mar. 26, 2007).  <u>See, e.g.</u>, <u>In re Application of Bloomfield Inv. Res. Corp.</u>, 315 F.R.D. 165, 168 (S.D.N.Y. 2016) (overruling burdensomeness objection where objecting party did not "present particularized evidence in their briefing that production of the . . . records would be unduly burdensome or costly, such as an affidavit of a person with knowledge of the record keeping system explaining in detail the basis of the objection").

2.   Requests for Production 12 and 13 are granted.  The defendants object that they have "already produced an extraordinary number of transcripts" and "to the extent that [plaintiffs] seek additional

transcripts" the requests are "duplicative and seek[] cumulative materials" and are not relevant. (Doc. #89 at 11, 12.) The defendants' objections are overruled.

3. Interrogatory 2 is granted. Although the defendants initially objected on the grounds of relevance and burden, they fully responded to the request in their Supplemental Response. (Doc. #129.) During oral argument, the plaintiffs requested that the defendants provide additional information - namely, a description of each case the defendants identified in their response. Interrogatory 2 does not ask for this information. The court declines to compel it.[3]

4. Requests for Production 22 and 23 are granted absent objection.

5. Request for Production 26 is granted as follows. The defendants shall provide the names of the plaintiffs' attorneys in the case of Paulson v. Monsanto and the party each attorney represented. The defendants agreed to provide copies of the production requests plaintiffs in that case served on defendant Monsanto. (Tr. at 104.) Counsel shall then meet and confer regarding further disclosure.

---

[3]The plaintiffs state that the defendants' supplemental response "was not answered under oath." (Doc. #132 at 2.) Fed. R. Civ. P. 33(b)(3)(To the extent an interrogatory is not objected to, it must "be answered separately and fully in writing under oath.") The defendants appear to have addressed this concern. They say they provided the plaintiffs with a "signed verification" on May 31, 2017. (Doc. #139 at 1.)

3

6. Request for Production 27 is granted as follows. The defendants shall produce the names of the plaintiffs' attorneys in <u>Maertin v. Monsanto</u> and the party each attorney represented. Plaintiffs may contact those attorneys for discovery requests plaintiffs in <u>Maertin</u> served on Monsanto.[4]

B. <u>Requests for Admission 1-8, 12-15, 21-26, 30-33, 39-50, 52 and Interrogatory 3</u>

The plaintiffs move to determine the sufficiency of the defendants' responses to numerous requests for admission and to compel the defendants to respond to Interrogatory 3, which seeks the factual basis for requests that the defendants deny.

A party responding to requests for admission may either admit, deny, object to the request with the reasons therefor, or set out in detail the reasons why he or she cannot respond. Fed. R. Civ. P. 36. "A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." Fed. R. Civ. P. 36(a). "An admission may require qualification when the request is ostensibly true, but the responding party cannot in good faith admit it without some necessary contextual explanation to remedy any improper inferences. When good faith requires that a party qualify

---

[4] The defendants state that they no longer have the document production they made in that case. (Tr. at 92.)

an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest." 7 Moore's Federal Practice § 36.11[5][a] (3d ed. 2016).

The purpose of requests for admission is "to narrow issues for trial." Diederich v. Dep't of Army, 132 F.R.D. 614, 616 (S.D.N.Y. 1990). "Requests for admission should be simple and direct. . . . The requesting party bears the burden of drafting the request clearly and specifically so that the responding party can easily agree or disagree." 7 Moore's Federal Practice § 36.10[6] (3d ed. 2016). See Dubin v. E.F. Hutton Grp. Inc., 125 F.R.D. 372, 375 (S.D.N.Y. 1989)("Each request for admission must be direct, simple and limited to singular relevant facts . . . so that it can be admitted or denied without explanation.")

Having considered the applicable law and the arguments made by counsel in their written submissions and during oral argument, the court rules as follows:

1.   The defendants' responses to requests for admission 1, 12, 30, 41, 47, 50 and 52 are sufficient.

2.   As to requests 22, 26, 33, 40, 44, 46 and 48, the objection is overruled.  8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2254 (3rd ed. 2010)("Nor is it ground for objection that the request relates to matters on which the requesting party has the burden of proof.") Notwithstanding their objection, the defendants denied the

requests.

3. As to requests 2, 3, 4, 5, 7 and 8, the objection as to overbreadth is sustained.

4. As to requests 13, 15 and 31, the objection as to form is overruled. Notwithstanding their objection, the defendants denied the requests.

5. As to request 49, the objection is overruled. The defendants shall serve an amended response at the close of discovery. Fed. R. Civ. P. 36(a)(3). See Guadalupe v. City of N.Y., No. 15CIV0220CMJCF, 2016 WL 3570545, at *2 (S.D.N.Y. June 24, 2016) (observing that it may be "prudent" to defer responses to requests "where the responding party's answers will depend on information developed during the discovery process").

6. The defendants denied requests for admission 6, 14, 21, 22, 23, 24, 25, 26, 32, 33, 39, 40, 42, 43, 44, 45, 46 and 48. "Rule 36 does not require a party to explain why a request was denied, but only why it cannot admit or deny the request." Adobe Sys. Inc. v. Christenson, No. 2:10-CV-00422-LRH, 2011 WL 540278, at *6 (D. Nev. Feb. 7, 2011). Therefore the motion to determine the sufficiency of the defendants' responses to these requests is denied. The plaintiffs, however, move to compel a response to interrogatory 3, which requests that the defendants provide a factual basis for requests they denied. The defendants' objections to this interrogatory are overruled.

SO ORDERED at Hartford, Connecticut this 20th day of July, 2017.

```
             _____/s/_____
             Donna F. Martinez
             United States Magistrate Judge
```