```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

CITY OF HARTFORD and            :
HARTFORD BOARD OF EDUCATION,    :
                                :
     Plaintiffs,                :
                                :
     v.                         :    CASE NO.   3:15cv1544(RNC)
                                :
MONSANTO COMPANY, et al.,       :
                                :
     Defendants.                :
```

### RULING ON DEFENDANTS' MOTION TO COMPEL

The plaintiffs, the City of Hartford and the Hartford Board of Education, bring this action pursuant to the Connecticut Products Liability Act against the defendants, Monsanto Company, Solutia Inc., and Pharmacia LLC, alleging that the defendants are liable for PCB contamination at the Clark Elementary School ("Clark" or "Clark School") in Hartford, Connecticut. Pending before the court is defendants' motion to compel.[1] (Doc. #121.) The court heard oral argument on August 16, 2017 and rules as follows:

I.  Discovery Requests

A.  Category I

1. Interrogatories 8, 9 and 10: During oral argument, defendants narrowed these requests to Clark School.[2] Plaintiffs

---

[1] U.S. District Judge Robert N. Chatigny referred the motion to the undersigned. (Doc. #122.)

[2] The requests at issue in this motion initially sought information about Clark and other schools. At the outset of oral argument, counsel reported that they had reached an agreement on plaintiffs' future production of documents that obviates the need for the court to rule on the "other schools" aspect of the present

stated that they have no objection to the modified requests. The motion is granted, absent objection, as to these modified requests.

    2. Interrogatory 20 is withdrawn by the defendants.

    3. Production Requests 15, 16, 17, 18 and 19: During oral argument, defendants narrowed these requests to Clark School. Plaintiffs stated that they have no objection to the modified requests. The motion is granted, absent objection, as to these modified requests.

    4. Requests for Admission 41, 44, 47, 50, 53, 56, 59 and 62: During oral argument, defendants modified these requests to eliminate the phrase "or other identifying information." Plaintiffs stated that they are able to admit or deny the modified requests. The motion is granted as to these modified requests.

    5. Requests for Admission 42, 43, 45, 46, 48, 49, 51, 52, 54, 55, 57, 58, 60, 61, 63, 64, 65, 91, 92, 93, 95, 96, 105 and 113 are withdrawn without prejudice by defendants.

    6. Request for Admission 94 is granted. During oral argument, plaintiffs agreed to serve an amended answer.

    7. Request for Admission 97 is granted. During oral argument, plaintiffs stated that they will admit the request.

B.   Category 2:

    1. The following requests are withdrawn without prejudice by

---

motion. In the event that the anticipated production is unsatisfactory, counsel agree that defendants may pursue the "other schools" discovery at a later time.

defendants:

Interrogatories 11, 12, 13, 23, 25;

Production Requests 6, 7, 8, 10, 12, 14, 20, 21, 23 - 31, 34, 37 - 39, 43 - 45; and

Requests for Admissions 1-17, 28, 75, 90, 106 - 123, 131, 132, 135.

C. Category 3:

1. Interrogatory 24 and Production Requests 9 and 11: During oral argument, defendants limited these requests to Clark School. Plaintiffs stated that they have no objection to the modified requests. The motion is granted, absent objection, as to these modified requests.

D. Category 4:

1. Production Request 8 is withdrawn by defendants in light of the parties' resolution of the request.

E. Category 5:

1. Production Request 47 is withdrawn by defendants in light of the parties' resolution of the request.

In accordance with Local Rule 37(d), plaintiffs shall serve amended responses by no later than August 31, 2017. D. Conn. L. Civ. R. 37(d) ("Unless a different time is set by the Court, compliance with discovery ordered by the Court shall be made within fourteen (14) days of the filing of the Court's order.")

II. <u>Remaining Disputes</u>

The court denied defendants' motion to compel as to Ross Hartman (doc. #146) in light of the change in his status. (Doc. #181.) As discussed on the record during oral argument, if the parties are unable to reach agreement regarding discovery requests propounded to Hartman after his change in status, the parties agree that by August 18, 2017, defendants shall file a revised, updated motion to compel Hartman's responses to the current, operative discovery requests. Any new motion shall set forth in the body of the accompanying memorandum (1) the specific, verbatim text of each discovery request at issue, followed by (2) the opposing party's response and/or objection, and (3) "the reason why the item should be allowed." D. Conn. L. Civ. R. 7(b)(1). Plaintiffs' response shall be filed by August 30, 2017.

The parties are reminded of their meet and confer obligations under both the federal and local rules of procedure to resolve any differences and present to the court only those issues of discovery that are necessary for the full weight of judicial authority. Fed. R. Civ. P. 37 requires that a motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Local Rule 37 provides: "No motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be

4

filed unless counsel making the motion has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution." D. Conn. L. Civ. R. 37(a). The importance of the meet and confer requirement cannot be overstated: it "ensures that when limited court resources are taxed to address discovery disputes, they are in fact ripe for determination, the issues have been framed for the ease of the court, and the parties are firmly convinced of their inability to arrive at a mutually acceptable compromise among themselves." <u>Cornell Research Found., Inc. v. Hewlett Packard Co.</u>, 223 F.R.D. 55, 59 (N.D.N.Y. 2003).

SO ORDERED at Hartford, Connecticut this 17th day of August, 2017.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge