# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| CITY OF HARTFORD and<br>HARTFORD BOARD OF EDUCATION,<br><br>    Plaintiffs,<br><br>vs.<br><br>MONSANTO COMPANY, SOLUTIA INC.,<br>and PHARMACIA CORPORATION,<br><br>    Defendants. | Case No.  3:15-cv-01544-RNC |

## PLAINTIFFS' RESPONSE TO  DEFENDANTS' REVISED, UPDATED MOTION TO COMPEL
## (1) PRODUCTION OF DOCUMENTS OF ROSS HARTMAN AND
## (2) DOCUMENTS IMPROPERLY WITHHELD BY PLAINTIFFS AS PRIVILEGED

While the latest iteration of Defendants' Motion to Compel [Dkt. #187] improves upon Defendants' prior motion by identifying some (though not all) of the specific discovery Defendants' seek, Defendants persist in various scandalous, unsubstantiated allegations to support general (and largely irrelevant) arguments about the discovery process in this case, offering into the Court's record—*for the second time*—documents as to which Plaintiffs properly assert a privilege, in violation of this Court's Standing Protective Order [Dkt. 4].  For the reasons set forth below under each privilege log entry and request at issue, the City respectfully asks that the Court deny Defendants motion in its entirety and consider what steps may be necessary to ensure compliance with its Standing Protective Order.

## I. RELEVANT FACTS

In 2014, the City of Hartford learned that dangerous levels of Aroclors 1248 and 1254 were detected in indoor paint samples taken at Clark School.  [Dkt. 22] at 71. Arcadis/O&G,

ORAL ARGUMENT REQUESTED

Inc., has provided construction management services for the Hartford School Building Committee since June 2010 and was providing oversight for the construction project at Clark School when the PCBs were discovered. *See* **Exhibit A**. Eagle Environmental, Inc., was, at this time, serving under Arcadis/O&G's oversight as an environmental contractor for the City under a contract dated March 18, 2014. *See* **Exhibit B.**

On January 13, 2015, the law firm of Baron & Budd, P.C. engaged Ross Hartman initially as a consulting expert for a lawsuit then pending in the Western District of Massachusetts. *See* Ex. E to [Dkt. 1]; *and* Declaration of Celeste Evangelisti, Esq. (attached as **Exhibit E**). Baron & Budd, P.C., did not retain Mr. Hartman "to recruit[] other schools in New England as potential clients for" the firm, as Defendants allege, nor has the firm promised or paid him for anything other than his professional work as an environmental consultant, as reflected in the invoice produced in this matter. *See* Ex. E and Invoice dated April 30, 2017 (attached as **Exhibit F**).

On January 14, 2015, Eagle Environmental, Inc., retained JM Environmental Corp., Inc., through its Executive Vice President, Ross Hartman, to "provide professional consulting for the evaluation of PCB contamination detected in the above referenced Clark School." *See* [Dkt. 187-4]. Subsequently, Mr. Hartman moved to the firm Strategic Environmental Services, Inc., and there continued his work on behalf of the City. *See* [Dkt. 146] at 4 n. 2.

On February 13, 2015, the City of Hartford communicated with attorney David Monz of Updike, Kelley & Spellacy, regarding potential legal representation in connection with the PCB issues at Clark School. See Email from Jill Cutler Hodgman, Esq., to Dave Monz, Esq., dated February 13, 2015 (attached as **Exhibit C).**

On February 23, 2015, the Hartford Board of Education formally retained David Monz, Esq., as environmental counsel to assist the City on PCB-related issues.  See Letter from David Monz, Esq., to Jill Cutler Hodgman, Esq., dated February 23, 2015 (attached as **Exhibit D**).

On May 26, 2015, the City of Hartford and the Hartford School Board retained Baron & Budd, P.C. See **Exhibit G.**

The City filed this suit on October 23, 2015. [Dkt. 1]

The present dispute originated in a subpoena served on SES (the consulting firm that now employs Ross Hartman) on December 2, 2016. [Dkt. 146] at 4-5. SES served objections to certain requests but produced 1,657 pages of responsive material.  *Id.*  Subsequently, in its July 17, 2017 expert witness disclosures, the City designated Dr. Hartman to testify on certain matters in this litigation and produced an expert disclosure and supporting documentation. *See* **Exhibit H**. Mr. Hartman's deposition as a fact witness is currently scheduled for September 11, 2017, and his expert deposition is scheduled for September 13, 2017.

The parties' privilege log dispute arose on May 2, 2017, Defense counsel first complained of specific "deficiencies" in the City's privilege log. *See* [Dkt. 146] at 10 n. 7. Six days later, the City produced a revised log in an attempt to address Defendants' specific concerns. *Id.* On its own initiative, the City undertook further review of its log, and on May 31, 2017, advised Monsanto that the City was in the process of updating its privilege log.  [Att. 1 to Dkt. 148]  On June 15, 2017, without inquiring about the City's ongoing privilege log update or engaging in any meet and confer process to discuss its specific complaints about the City's privilege log, Defendants' filed their original Motion to Compel, [Dkt. 146]. The City re-reviewed its privilege log in view of the arguments and objections raised by Defendants for the first time in their Motion to Compel, and thereafter disclosed an Amended Privilege Log,

withdrawing its privilege assertions as to many documents, many of which are were merely duplicates of material the City had already produced to Defendants.  Defendants now, by their revised and renewed motion, seek an *in camera* review of the City's Amended Privilege Log and production of additional materials responsive to their Request Nos. 26, 27, and 31.

## II. ARGUMENT

**A.     The City has Properly Withheld and Logged the Nine Privileged Documents Defendants' Mention in their Motion.**

It is difficult to determine from Defendants' diatribe about the City's supposed discovery abuses which specific privilege log entries Defendants attack, or the particular basis for each challenge to the claim of privilege.  The only specific entries as to which the City can glean any particular challenge are those mentioned on page 9 of Defendants' memorandum, which Defendants collectively challenge as "each obviously exchanged by and among non-parties." For the reasons indicated below, the City has amply supported its claim of privilege as to each entry and no *in camera* review is justified or necessary:

**1.  HRTFDSCHL044974**

> **Log Entry:** [1]  HRTFDSCHL044974 - HRTFDSCHL044975, 5/13/16, Email chain "PCB Waste from Clark School," Email chain among Mitchell McCrea, Esq., Peter Folino (Eagle Environmental), Sal Salafia (Program Mgr., Arcadis/O&G), Jack Butkus (Program Dir., Arcadis/O&G Prog. Mgmt., Hartford School Construction Prog.), John Motley (Chair, Hartford School Building Comm.), Antonio Matta (Hartford City Architect), Donald Slater (Chief Operating Officer, HPS) & Gina Varano, Esq. (Assoc. Corporation Counsel). "Communication between counsel and city employees/agents regarding handling of PCB remediation waste in view of pending litigation," "Attorney Client Privilege, Work Product Privilege / Trial Preparation Materials."

This email chain is a communication exchanged among several executive-level City employees (including the City's corporation counsel), and the City's counsel of record in this

---

[1] Amended Privilege Log (attached as **Exhibit I**)(relevant entries highlighted for convenience).

litigation, *seven months after this lawsuit was filed*, concerning the City's disposal of PCB waste in view of the pending litigation. Paul Folino (of Eagle Environmental), Sal Salafia (of Arcadis/O&G), and Jack Butkus (of Arcadis/O&G) were included in the email chain.[2] The inclusion of Mr. Folino, Mr. Salafia, and Mr. Butkus in these communications does not, however, create a waiver of either the attorney-client communication privilege or the work product/trial preparation privilege. Confidential communications made for the purpose of facilitating the rendition of professional legal services to a client, between a representative of a lawyer and a representative of the client are privileged. *See, e.g., Golden Trade v. Lee Ansarel Co.*, 143 F.R.D. 514, 518 (S.D. N.Y. 1992)("[I]f the purpose of the communication is to facilitate the rendering of legal services by the attorney, the privilege may also cover communications between the client and his attorney's representative, between the client's representative and the attorney, and between the attorney and his representative."). Similarly, trial preparation materials are not limited to parties and their employees, but may also include "consultants" and "agents" as explicitly provided in Fed. R. Civ. P. 26(b)(3)(a).  Exhibits A and B demonstrate that Eagle Environmental (which employed Mr. Folino) and Arcadis/O&G (which employed Mr. Butkus & Mr. Salafia) acted as agents and consultants of the City in connection with the removal and disposal of PCB containing materials at Clark School.  Thus, the claim of privilege is appropriate and supported by the record.

## 2. HRTFDSCHL045063

> **Log entry:**  HRTFDSCHL045063-HRTFDSCHL045064, 1/19/15, Email chain "Clark School Update," Author: Ross Hartman (Strategic Envt'l Servs., Inc.), Recipient: Peter Folino (Eagle Environmental), "Redacted communication between consultants/agents of City in anticipation of litigation. Non-privileged

---

[2] Defendants' characterization of the email simply as a communication among "Salafia, Folino, and Jack Butkus (of Arcadis/O&G)," [Dkt. 187] at 9, is misleading.

portion of email has been produced," "Work Product Privilege/ Trial Preparation Materials."

This email chain was exchanged between Ross Hartman and Peter Folino (of Eagle Environmental) on January 19, 2015.  At the time, PCB Contamination had been identified at Clark School and both men served as consultants and agents of the City for purposes of the PCB contamination issues there. As demonstrated on the record here, this communication—which as indicated in the log pertains to the possibility of litigation—occurred one month before the City obtained legal counsel (Dave Monz) in connection with the PCB contamination at Clark, and ultimately filed this lawsuit arising from the contamination.  As provided by Rule 26(b)(3)(A), "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant . . . or agent)."  Defendants have not shown that any exception to the trial preparation justifies disclosure of the document here.  The claim of privilege is appropriate and supported by the record.

## 3.  HRTFDSCHL045066

> **Log entry:** HRTFDSCHL045066-HRTFDSCHL045068, 1/23/15, Email chain "Law firm PCB contact info, Email chain between Ross Hartman (Strategic Envt'l Servs., Inc.) & Peter Folino (Eagle Environmental), "Communication between consultants/agents of City in anticipation of litigation," "Work Product Privilege / Trial Preparation Materials."

This email chain was exchanged between Ross Hartman and Peter Folino five days after the communication logged as HRTFDSCHL045063, again in anticipation of litigation. Both men acted as agents and consultants of the City as contemplated by Rule 26(a)(3), and Defendants have not shown that any exception to the trial preparation privilege justifies disclosure of the document here.  The claim of privilege is appropriate and supported by the record.

## 4. HRTFDSCHL045081

**Log entry:** HRTFDSCHL045081-HRTFDSCHL045082, 2/9/15, Email chain "Jill's contact info," Email chain between Ross Hartman (Strategic Envt'l Servs., Inc.) & Peter Folino (Eagle Environmental), "Communication between consultants/agents of City in anticipation of litigation, regarding communication with  Jill Cutler Hodgman, Esq. (Chief Labor & Legal Officer, HPS)," "Work Product Privilege / Trial Preparation Materials"

As demonstrated by the record before this Court, this email chain was exchanged between the City's agents and consultants, Ross Hartman and Peter Folino, five days before the City's Chief Labor & Legal Officer, Jill Cutler Hodgman, Esq., contacted attorney Dave Monz to represent it in connection with the discovery of PCBs at Clark School,  and specifically pertained to communications with Attorney Hodgman.  The document falls within the trial preparation privilege as defined in Rule 26(a)(3), and Defendants have not shown that any exception applies. The claim of privilege is appropriate and supported by the record.

## 5. HRTFDSCHL045085

This document is not found in the City's Amended Privilege Log and is not the subject of a claim of privilege.

## 6. HRTFDSCHL045438

**Log entry:** HRTFDSCHL045438-HRTFDSCHL045444, 10/28/15, Email chain "PCBs Hartford, Email chain among Mitchell McCrea, Esq., Henri Alexandre, Esq. (Acting Corporation Counsel), Melinda Kaufmann, Esq. (Asst. Corporation Counsel), Jill Cutler Hodgman, Esq. (Chief Labor & Legal Officer, HPS), Claudio Bazzano (HPS Exec. Director of Facilities), Celeste Evangelisti, Esq., Carla Burke Pickrel, Esq., Esq., Erin McIntosh (Baron & Budd, P.C.), Sal Salafia (Program Mgr., Arcadis/O&G), Jack Butkus (Program Dir., Arcadis/O&G Prog. Mgmt., Hartford School Construction Prog.) & Peter Folino (Eagle Environmental), "Communication among City employees/agents and retained legal counsel (Baron & Budd, P.C.) regarding information needed for litigation." "Attorney Client Privilege & Work Product Privilege / Trial Preparation Materials."

This document (which Defendants describe as a communication with the "Author and Recipient" "Folino, Butkus, and Salafia") is an email exchanged among several attorneys of record for the City in this case, an executive employee of the City, and several of the City's in-house counsel, five days after this suit was filed, "regarding information needed for litigation." The inclusion of Mr. Folino, Mr. Salafia, and Mr. Butkus in these communications does not create a waiver of either the attorney-client communication privilege or the work product/trial preparation privilege. As discussed above, confidential communications made for the purpose of facilitating the rendition of professional legal services to a client, between a representative of a lawyer and a representative of the client are privileged. *See, e.g., Golden Trade*, 143 F.R.D. at 518. Similarly, trial preparation materials are not limited to parties and their employees, but may also include "consultants" and "agents" as explicitly provided in Fed. R. Civ. P. 26(b)(3)(a). Exhibits A and B demonstrate that Eagle Environmental (which employed Mr. Folino) and Arcadis/O&G (which employed Mr. Salafia and Mr. Butkus) acted as agents and consultants of the City in connection with the matters that were the subject of the litigation to which these communications pertain.  Thus, the claim of privilege is appropriate and supported by the record.

## 7. HRTFDSCHL045445

> **Log entry:** HRTFDSCHL045445-HRTFDSCHL045452, 11/4/15, Email chain "PCBs Hartford," Email chain among Mitchell McCreea, Esq., Henri Alexandre, Esq. (Acting Corporation Counsel), Melinda Kaufmann, Esq. (Asst. Corporation Counsel), Jill Cutler Hodgman, Esq. (Chief Labor & Legal Officer, HPS), Claudio Bazzano (HPS Exec. Director of Facilities), Celeste Evangelisti, Esq., Carla Burke Pickrel, Esq., Esq., Erin McIntosh (Baron & Budd, P.C.), Sal Salafia (Program Mgr., Arcadis/O&G), Jack Butkus (Program Dir., Arcadis/O&G Prog. Mgmt., Hartford School Construction Prog.) & Peter Folino (Eagle Environmental), "Communication among City employees/agents and retained legal counsel (Baron & Budd, P.C.) regarding information needed for litigation," "Attorney Client Privilege & Work Product Privilege / Trial Preparation Materials."

This document (which Defendants describe as a communication with the "Author and Recipient" "Folino, Butkus, and Salafia") is an email exchanged among several attorneys of record for the City in this case, an executive employee of the City, and several of the City's in-house counsel, twelve days after this suit was filed, "regarding information needed for litigation."  The inclusion of Mr. Folino, Mr. Salafia, and Mr. Butkus in these communications does not create a waiver of either the attorney-client communication privilege or the work product/trial preparation privilege. *See, e.g., Golden Trade*, 143 F.R.D. at 518. Exhibits A and B demonstrate that Eagle Environmental (which employed Mr. Folino) and Arcadis/O&G (which employed Mr. Salafia and Mr. Butkus) acted as agents and consultants of the City in connection with the matters that were the subject of the litigation to which these communications pertain, as contemplated by the trial preparation privilege described in Rule 26(b)(3)(a).Thus, the claim of privilege is appropriate and supported by the record.

## 8. HRTFDSCHL045469

> **Log entry:** HRTFDSCHL045469-HRTFDSCHL045476, 3/30/16, Email chain with attachment "Harford PCBs with attachment Waste Profile Form for Clark," Email chain among Mitchell McCrea, Esq., Sal Salafia (Program Mgr., Arcadis/O&G), Peter Folino (Eagle Environmental), Claudio Bazzano (HPS Exec. Director of Facilities), Elena Rojo (Baron & Budd, P.C.), Howard Rifkin (Corporation Counsel), Esq., Melinda Kaufmann, Esq. (Asst. Corporation Counsel), Brett Land, Esq. & Zach Sandman, Esq., "Communication among City employees/agents and retained legal counsel (Baron & Budd, P.C.) regarding information needed for litigation. Attachment has already been produced., "Attorney Client Privilege & Work Product Privilege / Trial Preparation Materials."

This document (which Defendants describe as an email with "Author and Recipient" "Folino and Salafia") is an email exchanged among several attorneys of record for the City in this case (and other employees of Baron & Budd, P.C.), an executive employee of the City, and several of the City's in-house counsel, five months after this suit was filed, "regarding

information needed for litigation." The inclusion of Mr. Folino and Mr. Salafia in these communications does not create a waiver of either the attorney-client communication privilege or the work product/trial preparation privilege. *See, e.g., Golden Trade*, 143 F.R.D. at 518. Exhibits A and B demonstrate that Eagle Environmental and Arcadis/O&G acted as agents and consultants of the City in connection with the matters that were the subject of the litigation to which these communications pertain, as contemplated by the trial preparation privilege described in Rule 26(b)(3)(a).Thus, the claim of privilege is appropriate and supported by the record.

## B.  The City and Its Counsel Have Properly Objected to Defendants' Attempts to Engage in Overbroad Expert Witness Discovery.

> **REQUEST FOR PRODUCTION NO. 26:** All PowerPoint documents, slides, presentation documents, notes or other documents related to presentations on or related to PCBs given by Ross Hartman.

> **RESPONSE:** Mr. Hartman incorporates his general objections and specifically objects to this Request as overbroad, irrelevant and likely calls for information protected by the Consulting Expert Privilege. Subject to and without waiving these objections, non-privileged materials created or reviewed by Mr. Hartman or his employees in connection with PCB work for Hartford have been produced in response to Defendants' Subpoena to Strategic Environmental Services, Inc., Bates numbered HRTFDSCHL061562 –HRTFDSCHL062219.

Since at least January of this year, Defendants have been in possession of the materials relating to Mr. Hartman's remediation work for the City of Hartford that was not done because of the prospect of litigation.  More recently, by virtue of Mr. Hartman's expert disclosure for this case, *see* Ex. H, Defendants have obtained a complete report of Mr. Hartman's work for purposes of litigation, together with his relevant opinions, and qualifications. Mr. Hartman did not perform work at other Hartford schools—what remains at issue is responsive documentation generated in the course of *other* PCB-related work Mr. Hartman performed as an environmental consultant.

By this broad request, in fact, Defendants seek to obtain from Mr. Hartman **every PCB-related document ever generated** by Mr. Hartman pertaining to PCBs **over his twenty-year career**, *including* those generated in his capacity as a litigation consultant to Baron & Budd, P.C., or any other law firm, in this case or any other case.   Thus, for example, this request purports to require Mr. Hartman to produce "[a]ll PowerPoint documents, slides, presentation documents, notes or other documents related to presentations on or related to PCBs" for eleven extensive PCB-related projects detailed in Mr. Hartman's c.v.—at least one of which Defendants obtained complete discovery on in *Town of Westport et al., v. Monsanto Co., et al.*, No. 14-CV-12041 in the U.S. District Court for the Western District of Massachusetts.   *See* Ex. H at 19-21. Defendants' request would also extend to background documentation pertaining to Mr. Hartman's co-authored article, "PCB Remediation in Schools: a Review," *see* Ex. H at 97.

Mr. Hartman did not perform work for other Hartford schools; the only "other schools" or locations at issue for purposes of this request are located in other jurisdictions. Contrary to Defendants' suggestion, Plaintiffs neither "lost" on the discoverability of such material in response to a subpoena directed to a third party (as to which they asserted no objections), *see* [Dkt. #168], nor "conceded" this issue by negotiating a resolution to Defendants' Motion to Compel discovery. [Dkt. #121-1]. The "other schools" at issue in both those disputes were other schools *within the Hartford school system*, whereas Defendants here seek literally *every scrap of paper* authored by Mr. Hartman pertaining to PCBs, in connection with any school (or any other client) located anywhere.

Defendants contend, initially, that they should be entitled to the materials responsive to Request No. 26 to demonstrate Mr. Hartman's "bias."   Defendants' argument in favor of

disclosure rests primarily on their allegation that Mr. Hartman was "hired to craft cases[3] and recruit plaintiffs for Baron & Budd." [Dkt. 187-1] at 11. Although Defendants repeat this allegation with a passion bordering on hysteria, they fail to cite any actual evidence supporting this claim. Indeed, it is directly contradicted by the sworn testimony of the City's counsel of record. *See* **Ex. E**.

Whether directed to "bias" or to some other issue, as an initial matter, Defendants' requests vastly exceed the bounds of proper expert witness discovery:

> C) Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses. Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:
>
> (i) relate to compensation for the expert's study or testimony;
>
> (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
>
> (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed. R. Civ. P. 26(b)(4). Materials responsive to Request No. 26 fit none of these categories.

Defendants motion to compel, then, rests on the idea that the vast trove of materials Defendants seek are discoverable by virtue of Mr. Hartman's role as a fact witness. In this regard, Defendants rest their motion primarily on the suggestion that they need this evidence to determine if Mr. Hartman has "a track record of crafting remediation protocols that contribute, rather than meliorate, PCB levels." [Dkt. 187-1] at 7. Such evidence is nothing more than inadmissible evidence of "other acts" that Defendants hope to offer to show Mr. Hartman's

---

[3] By this, Defendants appear to mean not simply that Mr. Hartman was engaged to environmental consulting work necessary to prepare cases for trial—as to which there is no dispute—but rather that he *deliberately increased the PCB contamination on his clients' property* to make damage claims larger. *See, e.g.,* [Dkt. 146-1] at 9.

"character in order to show that on a particular occasion [Mr. Hartman] acted in accordance with the character," as prohibited by Federal Rule of Evidence 404(b). Moreover, it appears Defendants contemplate essentially putting on one or more mini-trials about Mr. Hartman's handling of remediation activities elsewhere—a time-wasting endeavor that ought to be prohibited on the ground that such evidence is undoubtedly more prejudicial than probative and too likely to confuse and distract the jury from the issues in dispute. *See* Fed. R. Evid. 403.  The request is disproportional to the needs of this litigation in that it represents an unbelievably broad, invasive, and overreaching imposition on a non-party witness, all in an attempt to develop evidence that (even if it exists) is *at best* only tangentially relevant to any claim or defense, and not particularly helpful in resolving the issues in this case.  Fed. R. Civ. P. 26(b)(1).

In addition, even if such materials *were* within the proper bounds of discovery for this case, Defendants' attempt to obtain responsive material created as a litigation consultant for Baron & Budd, P.C., or for other law firms, is highly problematic to say the least. Under Rule 26—absent a showing of good cause—a party simply *may not* obtain discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant. . . or agent."  Fed. R. Civ. P. 26(b)(3)(a); *see generally Hickman v. Taylor,* 329 U.S. 495 (1947).  Available authorities do not require the generation of a log for such materials:  they are simply not discoverable.[4] Defendants have made no showing of good cause for waiver of the trial preparation or work product privileges here.

---

[4] Under Rule 26(b)(4)(D), a party need not produce a detailed privilege log to preserve the consulting expert privilege. *See, e.g., Vincent v. Mortman*, No. 3:04 CV 491 JBA, 2006 WL 2349448, at *1 (D. Conn. Aug. 11, 2006)(recognizing that "[a] non-testifying expert ... is generally immune from discovery'" and sustaining objections to discovery from party's consultant, notwithstanding lack of privilege log); *Williams v. Bridgeport Music, Inc.*, 300 F.R.D. 120 (S.D. N.Y. 2014).

**REQUEST FOR PRODUCTION NO. 27:** All records of any kind concerning pilot projects in which Ross Hartman participated in any way, the purpose of which was to determine the sources of PCBs in buildings.

**RESPONSE**: Mr. Hartman incorporates his general objections and specifically objects to this Request as being overbroad and not relevant to the extent it seeks documents unrelated to Clark School. Mr. Hartman also objects to the extent this request seeks information protected by the Consulting Expert Privilege. Subject to and without waiving these objections, non- privileged materials created or reviewed by Mr. Hartman or his employees in connection with PCB work for Hartford have been produced in response to Defendants' Subpoena to Strategic Environmental Services, Inc., Bates numbered HRTFDSCHL061562 – HRTFDSCHL062219.

Remarkably, by this Request, Defendants manage to go even further beyond Request No. 26 to seek "all records of any kind" concerning Mr. Hartman's work on PCB-related pilot projects.  Mr. Hartman produced, months ago, the responsive document pertaining to his work on a pilot project at the Clark School.  At issue here are "all records of any kind" generated in connection with the projects for the Town of Westport and Thomas Prince School, described in Mr. Hartman's CV,  Ex. H at 19-20, and any other such projects. As an initial matter, as noted above, Defendants already obtained complete discovery regarding the Town of Westport project in *Town of Westport et al., v. Monsanto Co., et al.*, No. 14-CV-12041 in the U.S. District Court for the Western District of Massachusetts. Similar considerations to those discussed in connection with Request No. 26, above, however, demonstrate that any further production in response to Request No. 26 exceeds the proper scope of discovery here: (1) the materials sought clearly exceed proper discovery from an expert witness as defined in Fed. R. Civ. P. 26(b)(4); (2) to the extent Defendants rely upon Mr. Hartman's role as a fact witness to justify this discovery, the request fails to satisfy Rule 26's "proportionality" requirement because this material is *at best* only tangentially relevant to any claim or defense, and not particularly helpful in resolving the issues in this case; and (3) to the extent the documents sought by this request are theoretically

relevant, Defendants have not shown "good cause" to obtain any responsive materials prepared in Mr. Hartman's capacity as a non-testifying litigation consultant.

> **REQUEST FOR PRODUCTION NO. 31:** All communications and documents of Ross Hartman or Strategic Environmental Services, Inc., or any other company with which Ross Hartman is or was associated, related to any environmental consulting services provided in connection with Moosup Elementary School in Plainfield, Connecticut.
>
> RESPONSE: Mr. Hartman incorporates his general objections and specifically objects to this Request as being overbroad and not relevant to the extent it seeks documents unrelated to Clark School. Mr. Hartman also objects to the extent this request seeks information protected by the Consulting Expert Privilege. Subject to and without waiving these objections, non- privileged materials created or reviewed by Mr. Hartman or his employees in connection with PCB work for Hartford have been produced in response to Defendants' Subpoena to Strategic Environmental Services, Inc., Bates numbered HRTFDSCHL061562 – HRTFDSCHL062219.

The material sought here overlaps with the material sought in Request No. 26, but exceeds even that sweeping request by extending to "all communications and documents … related to any environmental consulting services" at the school in question (which is not a part of the Hartford Public Schools). Once again, moreover, (1) the materials sought clearly exceed proper discovery from an expert witness; (2) to the extent Defendants rely upon Mr. Hartman's role as a fact witness to justify this discovery, it fails to satisfy Rule 26's "proportionality" requirement because it is *at best* only tangentially relevant to any claim or defense, and not particularly helpful in resolving the issues in this case; and (3) to the extent they are theoretically relevant, Defendants have not shown "good cause" to obtain any responsive materials prepared in Mr. Hartman's capacity as a non-testifying litigation consultant.

## CONCLUSION

On the record presented, Defendants have not shown good cause for an order compelling disclosure or *in camera* review of any of the documents on the City's Amended Privilege Log,

ORAL ARGUMENT REQUESTED

nor for production of the additional materials sought in response to their Request Nos. 26, 27, or 31 to Mr. Hartman. The City respectfully asks that the Court deny Defendants' motion. Moreover, because the Defendants again filed, in the record, inadvertently disclosed materials as to which the City asserts a claim of privilege, *see, e.g,* Doc. 187-5, in violation of the Court's Standing Protective Order [Dkt. 4], the City respectfully asks that the Court consider what additional orders may be necessary to assure compliance with the Order in the future and protect the City's confidential information.

Respectfully submitted,

Dated:   August 30, 2017

BARON & BUDD, P.C.

   /s/ Alicia Butler
Celeste A. Evangelisti *(pro hac vice)*
Scott Summy *(pro hac vice)*
Carla Burke Pickrel *(pro hac vice)*
Alicia Butler *(pro hac vice)*
Zachary Sandman (*pro hac vice*)
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas  75219
Telephone:  214-521-3605
Facsimile:  214-520-1181
evangelisti@baronbudd.com
ssummy@baronbudd.com
cburkepickrel@baronbudd.com
abutler@baronbudd.com
zsandman@baronbudd.com

Jill Cutler Hodgman
Howard G. Rifkin
Cynthia Lauture
CORPORATION COUNSEL
CITY OF HARFORD
550 Main Street, Suite 210
Hartford, CT  06103
Telephone:  860-757-9700
Facsimile:  860-722-8114

ORAL ARGUMENT REQUESTED

Howard.Rifkin@hartford.gov
Cynthia.lauture@hartford.gov

Ross H. Garber
Jared S. Baumgart
**SHIPMAN & GOODWIN LLP**
One Constitution Plaza
Hartford, CT  06103
Telephone:  860-251-5733
rgarber@goodwin.com
jbaumgart@goodwin.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on August 30, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

  /s/ Alicia Butler
Celeste A. Evangelisti *(pro hac vice)*
Scott Summy *(pro hac vice)*
Carla Burke Pickrel *(pro hac vice)*
Zachary Sandman *(pro hac vice)*
Alicia Butler *(pro hac vice)*
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas  75219
Telephone:  214-521-3605
Facsimile:  214-520-1181
evangelisti@baronbudd.com
ssummy@baronbudd.com
cburkepickrel@baronbudd.com
abutler@baronbudd.com
zsandman@baronbudd.com

ORAL ARGUMENT REQUESTED