UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

CITY OF HARTFORD and            :
HARTFORD BOARD OF EDUCATION,    :
                                :
     Plaintiffs,                :
                                :
     v.                         :    CASE NO.  3:15cv1544(RNC)
                                :
MONSANTO COMPANY, et al.,       :
                                :
     Defendants.                :


                RULING ON DEFENDANTS' MOTION TO COMPEL

The plaintiffs, the City of Hartford and the Hartford Board of Education, bring this action pursuant to the Connecticut Products Liability Act against the defendants, Monsanto Company, Solutia Inc., and Pharmacia LLC, alleging that the defendants are liable for PCB contamination at the Clark Elementary School in Hartford, Connecticut.  Pending before the court is defendants' motion to compel.  (Doc. #187.)  The motion encompasses two separate issues: (1) a request to compel plaintiff's expert, Ross Hartman ("Hartman"), to produce certain documents and (2) a challenge to the plaintiffs' privilege log.  The court heard oral argument on October 25, 2017.

A.   Production Requests

The defendants seek to compel Hartman to comply with production requests 26, 27, and 31 and to submit to another deposition.

1.   Production Request 26 seeks presentations (and related notes)

Hartman gave on PCBs. The plaintiffs' objections[1] as to overbreadth and relevance are overruled. The plaintiffs also object on the grounds that the request "vastly exceeds the bounds of proper expert witness discovery" and cite as support Fed. R. Civ. P. 26(b)(4)(C)[2]. (Doc. #194 at 12.) That rule, however, provides "work-product protection against discovery regarding draft

---

[1]The plaintiffs provided responses "[s]ubject to and without waiving" their objections. Although this is a widespread practice, it leaves the requesting party uncertain as to whether the opposing party has fully answered its request and, importantly, is not contemplated by the Federal Rules of Civil Procedure. Effective December 1, 2015, Rule 34 was amended to require that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). According to the Committee Notes, the amendment is intended to "end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections." 2015 Adv. Comm. Notes to Rule 34. See generally Fischer v. Forrest, No. 14CIV1304(PAE)(AJP), 2017 WL 773694, at *2 (S.D.N.Y. Feb. 28, 2017).

[2]Rule 26(b)(4)(C) provides:
Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses. Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:
(i) relate to compensation for the expert's study or testimony;
(ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
(iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

expert disclosures or reports and - with three specific exceptions - communications between expert witnesses and counsel." Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment. The plaintiffs' reliance on this rule to preclude the defendants' request for Hartman's presentations is misplaced. The plaintiffs' objection is overruled.

2. Production Request 27 concerns pilot projects in which Hartman participated and, as narrowed by the defendants during oral argument, seeks summary reports (and attachments) issued to clients. The plaintiffs' objections, the same asserted in response to Request 26, are overruled.

3. Production Request 31 seeks communications and documents of Hartman or SES or any other company with which he was associated related to environmental consulting services provided to Moosup Elementary. The plaintiffs' objections, the same asserted in response to Request 26, are overruled.

The defendants' motion to compel Hartman to comply with production requests 26, 27 and 31 and to submit to another deposition is granted.

B. Privilege Log

The second aspect of defendants' motion concerns the plaintiffs' privilege log. (Doc. #187, Ex. M.) Initially the defendants requested that the court conduct an in camera review of the entire log because the entries did not appear to reflect proper

invocation of either work production protection or attorney-client privilege. However, during oral argument, defendants narrowed their request for an <u>in camera</u> review of the following six documents:

```
HRTFDSCHL045063
HRTFDSCHL045066
HRTFDSCHL045081
HRTFDSCHL045141
HRTFDSCHL045144
HRTFDSCHL045380
```

The defendants' narrowed request is granted. Plaintiffs shall deliver copies of these documents to chambers.

C.  <u>Conclusion</u>

This is the fifth time that the parties have needed the court's involvement to resolve their discovery dispute. <u>See</u> doc. ##167, 168, 181, and 185. The docket reflects that there are additional discovery motions pending.

Counsel are reminded of their obligations under both the federal and local rules of procedure to meet and confer in an effort to resolve any differences and present to the court only those issues of discovery that are necessary for the full weight of judicial authority. Fed. R. Civ. P. 37 requires that a motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Local Rule 37 requires counsel to confer "in person or by telephone." The importance of

4

the meet and confer requirement cannot be overstated: it "ensures that when limited court resources are taxed to address discovery disputes, they are in fact ripe for determination, the issues have been framed for the ease of the court, and the parties are firmly convinced of their inability to arrive at a mutually acceptable compromise among themselves." <u>Cornell Research Found., Inc. v. Hewlett Packard Co.</u>, 223 F.R.D. 55, 59 (N.D.N.Y. 2003).

SO ORDERED at Hartford, Connecticut this 2nd day of November, 2017.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

5