```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

CITY OF HARTFORD and              :
HARTFORD BOARD OF EDUCATION,      :
                                  :
     Plaintiffs,                  :
                                  :
     v.                           :     CASE NO.  3:15cv1544(RNC)
                                  :
MONSANTO COMPANY, et al.,         :
                                  :
     Defendants.                  :
```

## RULING ON PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

Pending before the court is the plaintiffs' "Motion for Protective Order re: Defendants' Notice of 30(b)(6) Deposition." (Doc. #188.) The plaintiffs seek an order striking and limiting certain Rule 30(b)(6) topics.

"A district court has wide latitude to determine the scope of discovery." In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 103 (2d Cir. 2008). Rule 26(c) provides in pertinent part that a "court may, for good cause issue an order to protect a party . . . from annoyance, embarrassment, oppression or undue burden or expense . . . ." Rule 26(c) "puts the burden on the party seeking relief to show some plainly adequate reason therefore. The courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2035 at 157-58 (3rd ed. 2010).

The court heard oral argument on October 25, 2017 and rules as

follows:

1.  Topics 10 and 13:  The defendants withdrew these topics during oral argument.

2.  Topic 14:  The plaintiffs request that the court "limit this topic to the Clark School alone."  As grounds, they argue that the topic, to the extent that it seeks testimony regarding Hartford schools in addition to Clark School, is not relevant and that preparation of a witness "would be unreasonably burdensome."  The court is not persuaded.  The topic is relevant to notice and/or damages and the plaintiffs have made no showing as to burden.

3.  Topic 19:  The plaintiffs seek an order striking the phrase "including but not limited to."  The court grants the plaintiffs' request but permits the defendants to seek testimony about (1) other Hartford public schools and (2) the statutes alleged in the plaintiffs' second amended complaint.

4.  Topic 26:  The plaintiffs argue that the topic is overbroad. They request that the court (1) limit the topic to a ten year period and (2) strike the phrase "including but not limited to." The court is not persuaded that the temporal scope is overbroad or that the phrase "including but not limited to" renders the topic fatally vague, as the plaintiffs assert.  This topic seeks testimony concerning actions taken to improve indoor air quality at Clark School "including but not limited to cleaning, maintenance and repair of the HVAC system."  In this context, the defined terms

sufficiently cabin the scope of the topic. The motion for protective order as to this topic is denied.

5. Topic 9: In light of subsequent discovery, during oral argument, the court instructed the parties to have further discussions in an effort to narrow the allegations regarding which defendants seek testimony. The parties shall submit a joint status report as to Topic 9 by November 3, 2017.

SO ORDERED at Hartford, Connecticut this 2nd day of November, 2017.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge