UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CITY OF HARTFORD and HARTFORD BOARD OF EDUCATION,<br><br>    *Plaintiffs*<br><br>v.<br><br>MONSANTO COMPANY, SOLUTIA INC., and PHARMACIA CORPORATION,<br><br>    *Defendants* | CIVIL ACTION NO.<br><br>3: 15-CV-01544(RNC)<br><br><br><br>FEBRUARY 1, 2019 |

### DEFENDANTS' REQUEST FOR LEAVE TO FILE ERRATA OF RECORD CITATIONS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants Monsanto Company, Solutia Inc., and Pharmacia LLC (collectively "the Defendants") seek leave to file the Errata Sheet attached to this Request, which provides the Court with corrections to minor errors identified in submittals that are relevant to the oral argument scheduled for February 4, 2019 in the captioned action.

Respectfully submitted,

/s/ Thomas M. Goutman
**WHITE AND WILLIAMS LLP**
Thomas M. Goutman (*pro hac vice*)
Richard L. Campbell (*pro hac vice*)
Kim Kocher (*pro hac vice*)
1800 One Liberty Place
Philadelphia, PA 19103-7395
215-864-7000
*Attorneys for Defendants*
*Monsanto Company; Solutia Inc.;*
*and Pharmacia LLC*

        **DAY PITNEY LLP**
        Paul D. Williams (ct05244)
        Elizabeth C. Barton (ct07660)
        Michael L. Miller (ct29137)
        Elizabeth P. Retersdorf (ct29178)
        242 Trumbull Street
        Hartford, CT 06103
        860-275-0100
        *Attorneys for Defendants*
        *Monsanto Company; Solutia Inc.;*
        *and Pharmacia LLC*

        **CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**
        Adam E. Miller (*pro hac vice*)
        7701 Forsyth Blvd., 12th Floor
        St. Louis, MO 63105
        314-721-7701
        *Attorneys for Defendants*
        *Monsanto Company; Solutia Inc.;*
        *and Pharmacia LLC*

## **CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that a copy of the foregoing was served upon all counsel of record via the ECF system on February 1, 2019.

                                    /s/ Thomas M. Goutman

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CITY OF HARTFORD and HARTFORD BOARD OF EDUCATION,<br><br>*Plaintiffs*<br><br>v.<br><br>MONSANTO COMPANY, SOLUTIA INC., and PHARMACIA CORPORATION,<br><br>*Defendants* | CIVIL ACTION NO.<br><br>3: 15-CV-01544(RNC)<br><br><br><br>FEBRUARY 1, 2019 |

## ERRATA OF RECORD CITATIONS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

In final preparation for oral argument in the above-captioned matter scheduled for February 4, 2019, counsel for the defendants identified minor errors in submittals specifically related to Defendants' Local Rule 56(a)1 Statement of Undisputed Material Facts (Dkt. 268). Attached as Exhibit A is the Errata Sheet.

# EXHIBIT A

102076302.3

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| CITY OF HARTFORD and HARTFORD BOARD OF EDUCATION, | CIVIL ACTION NO. |
| *Plaintiffs* | 3: 15-CV-01544(RNC) |
| v. | |
| MONSANTO COMPANY, SOLUTIA INC., and PHARMACIA CORPORATION, | FEBRUARY 1, 2019 |
| *Defendants* | |

## ERRATA OF RECORD CITATIONS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Document | Citation | Correction |
|---|---|---|
| Memorandum of Law, p. 24 | "As recognized by the First Circuit, "Monsanto was not legally required to test the volitalization of PCBs from consumer end products that it did not manufacture," *Westport*, 877 F.3d at *6, which Plaintiffs' experts concede in this case, **(SOF ¶27)."** | "As recognized by the First Circuit, "Monsanto was not legally required to test the volitalization of PCBs from consumer end products that it did not manufacture," *Westport*, 877 F.3d at *6, which Plaintiffs' experts concede in this case, **(SOF ¶25-27)."** |
| Memorandum of Law, p. 32 | "And, Plaintiffs tested at least three schools for PCB-containing building materials, and *found* the presence of PCBs at each of the schools. (SOF ¶126**, 138).** | "And, Plaintiffs tested at least three schools for PCB-containing building materials, and *found* the presence of PCBs at each of the schools. (SOF ¶126, **130).** |
| Defendants' Reply Brief, p. 8, n. 8 | "(Doc. **276** at 15-16) (citing cases);" | "(Doc. **267** at 15-16) (citing cases);" |
| Defendants' Reply Brief, p. 18 | "Plaintiffs' experts admit that the PCB levels in the Clark School were on average lower than the EPA Evaluation Levels." **(SOF** | "Plaintiffs' experts admit that the PCB levels in the Clark School were on average lower than the EPA Evaluation |

-5-

102076302.3

|  | ¶**50**; RAMF ¶38). | Levels." (**SOF** ¶**78**; RAMF ¶38). |
|---|---|---|
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 4, pp. 2-3 | "PCBs were an industrial product sold in bulk to sophisticated manufacturers of electrical and other industrial equipment as well as manufacturers of building products, such as caulk." *See . . .* Deposition of Jerome M. Klosowski ("Klosowski Dep."), at 31, 79, 179-**80**, Aug. 29, 2017, excerpts attached as Exhibit 9; | **Page 180 to Exhibit 9 attached.** |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 6, pp. 2-3 | "The Pharmacia PCB mixtures were sold under the registered trademark of Aroclor." Kaley Dep. Vol. 1 at **50**. | "The Pharmacia PCB mixtures were sold under the registered trademark of Aroclor." Kaley Dep. Vol. 1 at **56.** |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 7, p. 4, n.1 | "Matson adopted his admissions from the *Town of Westport* case. Matson Dep. at 10, **12**. | "Matson adopted his admissions from the *Town of Westport* case. Matson Dep. at 10, **12-13**. **Page 13 to Exhibit 10 attached.** |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 10, p. 5 | "Sales of PCBs for electrical equipment continued because . . . a cessation of sales would shut down the United States electrical power grid and cripple United States Industry." ITF Report at 4, St. Louis Meeting with General Electric Co., "The PCB-Pollution Problem ", Jan21 & 22, 1970, **attached as Exhibit 20.** | "Sales of PCBs for electrical equipment continued because . . . a cessation of sales would shut down the United States electrical power grid and cripple United States Industry." ITF Report at 4, St. Louis Meeting with General Electric Co., "The PCB-Pollution Problem ", Jan21 & 22, 1970, **at 2, attached as Exhibit 20.** |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 12, p. 7 | "Jerome M. Klosowski, Plaintiffs' formulator expert, and Dr. Jack Matson, Plaintiffs' chemical waste expert, agree that PCBs had many useful properties and were included by manufacturers and formulators in | "Jerome M. Klosowski, Plaintiffs' formulator expert, and Dr. Jack Matson, Plaintiffs' chemical waste expert, agree that PCBs had many useful properties and were included by manufacturers and formulators |

-6-

102076302.3

|  | a wide array of products including caulks and sealants. Reitman Rpt. at 20-21, 26, 28; Matson Rpt. at 14; **Klosowski Dep. at 51.** | in a wide array of products including caulks and sealants. Reitman Rpt. at 20-21, 26, 28; Matson Rpt. at 14; **Klosowski Dep. at 51, 53-56.** |
|---|---|---|
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 20, p. 7 | "Klosowski testified that when formulating a product, it did not matter whether and ingredient's vapor pressure was $10^{-4}$ or $10^{-5}$." **Klosowski Dep. at 78**. | "Klosowski testified that when formulating a product, it did not matter whether and ingredient's vapor pressure was $10^{-4}$ or $10^{-5}$." **Klosowski Dep. at 78-80.** |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 25, pp. 8-9 | "It is the formulators' responsibility to test their final products and not simply rely on the properties of the individual components to determine the properties of their formulations." Reitman Rpt. at **18**. | "It is the formulators' responsibility to test their final products and not simply rely on the properties of the individual components to determine the properties of their formulations." Reitman Rpt. at **18-19.** |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 29, pp. 9-10 | "Polysulfide caulk manufacturers, such as PRC and Thiokol were large sophisticated companies, which employed large staffs of scientists who determined the specific formulas used to manufacture their products." Klosowski Dep. at 31, 79, **179-80**. | **Page 180 to Exhibit 9 attached.** |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 37, p. 11 | "All substances, including industrial chemicals, are systemically toxic at some dose, but simply because a product is capable of causing systemic toxicity does not mean that the product should be removed from the market." Olson Westport Dep. 55-56, 135, 225, **228.** | "All substances, including industrial chemicals, are systemically toxic at some dose, but simply because a product is capable of causing systemic toxicity does not mean that the product should be removed from the market." Olson Westport Dep. 55-56, 135, 225, **228-229.** |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 40, p. | "Pharmacia also issued warnings on its labeling for barrels and tank cars." Kaley Dep. Vol I at 88-89, **102.** | "Pharmacia also issued warnings on its labeling for barrels and tank cars." Kaley Dep. Vol I at 88-89, **102-03.** |

| 12 | | **Page 103 to Exhibit 6 attached.** |
|---|---|---|
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 41, p. 13 | "In a 1966 technical bulletin, Pharmacia warned: 'If these precautions are neglected acne may develop and excessive exposure may cause liver damage.'" Monsanto "Aroclor for Capacitors" **at 23** (1966) (Exhibit 35). | "In a 1966 technical bulletin, Pharmacia warned: 'If these precautions are neglected acne may develop and excessive exposure may cause liver damage.'" Monsanto "Aroclor for Capacitors" **at 21** (1966) (Exhibit 35). |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 44, p. 13 | "Klosowski, Plaintiffs' expert formulator, testified that Pharmacia warned formulators that PCBs could pose serious health consequences from exposure." Klosowski Dep. **at 103.** | "Klosowski, Plaintiffs' expert formulator, testified that Pharmacia warned formulators that PCBs could pose serious health consequences from exposure." Klosowski Dep. **at 102-03.** |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 46, p. 14 | "There are no scientific studies, either during the period of Pharmacia's manufacture of PCBs or today, that purport to demonstrate that PCBs in indoor air and surfaces from PCB-containing building products cause human disease." Klosowski Dep. at **119**, 198. | "There are no scientific studies, either during the period of Pharmacia's manufacture of PCBs or today, that purport to demonstrate that PCBs in indoor air and surfaces from PCB-containing building products cause human disease." Klosowski Dep. at **119-20**, 198. |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 47, p. 14 | "There are no scientific studies, either during the period of Pharmacia's manufacture of PCBs or today, that purport to demonstrate the levels of PCBs found at Clark School cause human disease." Klosowoski Dep. at **119**, 198; | "There are no scientific studies, either during the period of Pharmacia's manufacture of PCBs or today, that purport to demonstrate the levels of PCBs found at Clark School cause human disease." Klosowoski Dep. at **119-20**, 198; |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 48, pp. 14-15 | "Matson also admitted that there are no scientific studies that demonstrate adverse health effects caused by PCBs volatilizing from building products." Matson Westport Dep. | **Page 202 to Exhibit 13 attached.** |

-8-

102076302.3

| | | |
|---|---|---|
| | at 201-202. | |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 53, p. 16 | "The conditions of the tests included little or no ventilation, and in ambient temperatures that exceeded 80 F." Ballard Rpt. **at 1** (Exhibit 41). | "The conditions of the tests included little or no ventilation, and in ambient temperatures that exceeded 80 F." Ballard Rpt. **at 2** (Exhibit 41). |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 55, p. 16 | "Further, the test methods made it impossible to distinguish PCB molecules from molecules containing chlorine from other sources, such as solvents or pesticides." **Ballard Rpt. at 1.** | "Further, the test methods made it impossible to distinguish PCB molecules from molecules containing chlorine from other sources, such as solvents or pesticides." **H.B. Richards, Jr., "Final Report on Aroclor in Gases", Report No. 2970, at 9 (Mar 15, 1954), TOWOLDMON0054584-4607 (Report No. 2970, March 15, 1954), attached as Exhibit 42.** |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 64, p. 18 | "Paul Drummey, the CREC employee assigned to the 2014 summer renovations at the Clark School, testified that in his lifetime, he had "never seen a school in such disrepair." Deposition of Paul M. Drummey ("Drummey Dep.") at 22, 55-56, Apr. 19, 2017, excerpts attached as **Exhibit 48.** | "Paul Drummey, the CREC employee assigned to the 2014 summer renovations at the Clark School, testified that in his lifetime, he had "never seen a school in such disrepair." Deposition of Paul M. Drummey ("Drummey Dep.") at 22, 55-56, Apr. 19, 2017, excerpts attached as **Exhibit 49.** |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 68 p. 20 | "CREC commissioned environmental testing and balancing to inspect the HVAC system at the Clark School which revealed an obsolete and non-functional HVAC system." **Bazzano Dep.** at 49. **(Exhibit 43).** | "CREC commissioned environmental testing and balancing to inspect the HVAC system at the Clark School which revealed an obsolete and non-functional HVAC system." **Bazzano Dep. Vol. 1** at 49, excerpts attached as **Exhibit 53.** **Page 49 to Exhibit 53 attached.** |

| | | |
|---|---|---|
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 68, p. 20 | "The Report noted multiple problems with the HVAC system . . . and motors that do not work." ETB Report, **at 1-2**, (attached as **Exhibit 56).** | "The Report noted multiple problems with the HVAC system . . . and motors that do not work." *See generally* ETB Report (attached as **Exhibit 57).** |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 70, p. 21 | "As part of the project, Peter Folino, the principal of Eagle, Plaintiffs' on-call environmental consultant, unnecessarily tested paint in several locations for PCBs." . . . Deposition of Peter J. Folino ("Folino Dep.") at **43-44**, 65-66, June 2, 2017, excerpts attached as Exhibit 61. | "As part of the project, Peter Folino, the principal of Eagle, Plaintiffs' on-call environmental consultant, unnecessarily tested paint in several locations for PCBs." . . . Deposition of Peter J. Folino ("Folino Dep.") at **43-45**, 65-66, June 2, 2017, excerpts attached as Exhibit 61. |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 74, p. 22 | "The HHS agreed with the CT DPH's conclusions that the PCBs in the air at the Clark School would not adversely affect human health." Nguyen Dep. at **32** (Exhibit 63). | "The HHS agreed with the CT DPH's conclusions that the PCBs in the air at the Clark School would not adversely affect human health." Nguyen Dep. at **32-34** (Exhibit 63). |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 77, p. 23 | "Plaintiffs' experts admit that there are no scientific studies which demonstrate that PCB-containing building products either cause disease, or that PCB levels found in the Clark School will cause disease." Olson Dep. at 221-22, 224, 227, 229, 230-31; Herrick Dep. 160-61; Olson Westport Dep. **at 159**; Herrick Westport Dep. **at 151**; *see* paras. 46-51, *supra*. | "Plaintiffs' experts admit that there are no scientific studies which demonstrate that PCB-containing building products either cause disease, or that PCB levels found in the Clark School will cause disease." Olson Dep. at 221-22, 224, 227, 229, 230-31; Herrick Dep. 160-61; Olson Westport Dep. **at 159-160**; Herrick Westport Dep. **at 151-152**; *see* paras. 46-51, *supra*. |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 74, p. 23 | "These levels are below the EPA Evaluation Level for indoor PCB air level of 200 ng/m$^3$ for children between 3 years and less than 6 years old. *See* EPA, **"Public Health Levels for PCBs in Indoor School Air" (Sept. 25, 2009**), attached as **Exhibit 67**." | "These levels are below the EPA Evaluation Level for indoor PCB air level of 200 ng/m$^3$ for children between 3 years and less than 6 years old. *See* EPA, **"PCBs in Building Materials – Questions and Answers", at 15 (July 28,** |

-10-

| | | 2015), attached as **Exhibit 69**." |
|---|---|---|
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 78, p. 23 | "The pre-pilot air levels at the Clark School averaged 195 ng/m$^3$." Hartman Dep. Vol. 1 at 49-50, 50; **Herrick Dep. at 250-251;** Woodyard Rpt. at 11. | "The pre-pilot air levels at the Clark School averaged 195 ng/m$^3$." Hartman Dep. Vol. 1 at 49-50, 50; **Herrick Dep. at 249-51;** Woodyard Rpt. at 11.<br><br>**Page 249 to Exhibit 4 attached.** |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 79, p. 24 | "The EPA has explained that its PCB evaluation levels "are not meant to be interpreted or applied as a 'bright line' or 'not to exceed' criteria." **EPA, "PCBs in Building Materials – Questions and Answers (Exhibit 69).** "The EPA further stated that "[i]solated or infrequent indoor air PCB measurements that exceed the exposure levels would not signal unsafe exposure to PCBs," but measurements above these levels may trigger the need for further investigation." **Id.** | "The EPA has explained that its PCB evaluation levels "are not meant to be interpreted or applied as a 'bright line' or 'not to exceed' criteria." **EPA, "PCBs in Building Materials – Questions and Answers at 2, (Exhibit 69).** "The EPA further stated that "[i]solated or infrequent indoor air PCB measurements that exceed the exposure levels would not signal unsafe exposure to PCBs," but measurements above these levels may trigger the need for further investigation." **Id. at 2, 14-15.** |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 90, p. 26 | "Thomas Welcome, the facility manager at the Hartford public schools, testified that there were no written policies or procedures for maintaining the boilers, chiller, HVAC system, exhaust fans or air handling units or for inspecting the same." Welcome Dep. at **102**, 106-07, 188. | "Thomas Welcome, the facility manager at the Hartford public schools, testified that there were no written policies or procedures for maintaining the boilers, chiller, HVAC system, exhaust fans or air handling units or for inspecting the same." Welcome Dep. at **102-103**, 106-07, 188.<br><br>**Page 103 attached to Exhibit 80.** |

| | | |
|---|---|---|
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 90, p. 26 | "The air handling units were scheduled to be replaced in 2014 or 2015 because they had outlived their useful life." Welcome Dep. at **143**. | "The air handling units were scheduled to be replaced in 2014 or 2015 because they had outlived their useful life." Welcome Dep. at **145**.<br><br>**Page 145 attached to Exhibit 80.** |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 92, p. 27 | "Degradation of exterior building façade including deteriorated mortar joints, cracking bricks, missing caulk along construction joints, graffiti, damaged and dented door units, scratched and broken Lexan window panels on windows, some with bullet damage." CCA Rpt. **at 15** (Exh. 27). | "Degradation of exterior building façade including deteriorated mortar joints, cracking bricks, missing caulk along construction joints, graffiti, damaged and dented door units, scratched and broken Lexan window panels on windows, some with bullet damage." CCA Rpt. **at 15, 20-25** (Exh. 27). |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 94(a), p. 29 | "Lead is a well-known health hazard, to which children are particularly vulnerable." Herrick Dep. **at 133**. | "Lead is a well-known health hazard, to which children are particularly vulnerable." Herrick Dep. **at 133-134**.<br><br>**Page 134 attached to Exhibit 4.** |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 102, p. 31 | "The regulations do not mandate that building owners remove all PCB-containing building products once they are discovered." Hartman Westport Dep. **at 238**; Woodyard Rpt. at 6. | "The regulations do not mandate that building owners remove all PCB-containing building products once they are discovered." Hartman Westport Dep. **at 238, 251**; Woodyard Rpt. at 6.<br><br>**Page 251 attached to Exhibit 84.** |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 109, p. 32 | "Plaintiffs' purpose for engaging Eagle and Hartman to conduct the pilot project was to lower PCBs air levels at the school." **Motley Dep. at 75, 153 (Exhibit 71).** | **Page 75 attached to Exhibit 71.** |

| | | |
|---|---|---|
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 112, pp. 32-33 | "None of the environmental consultants recommended fixing the HVAC system prior to remediation, and Eagle did not do anything to ensure that the HVAC system worked properly." Hartman Dep. Vol. 1 at 190-91; **Slater Dep. at 62**; Bazzano Dep. Vol. 1 at 198-99; Folino Dep. at 15, 76. | "None of the environmental consultants recommended fixing the HVAC system prior to remediation, and Eagle did not do anything to ensure that the HVAC system worked properly." Hartman Dep. Vol. 1 at 190-91; **Slater Dep. at 56**; Bazzano Dep. Vol. 1 at 198-99; Folino Dep. at 15, 76.<br><br>**Page 56 attached to Exhibit 68.** |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 115, p. 33 | "Eagle and Hartman were absent from the Clark School work site for long periods of time, leaving the workers of the remediation contractor, AAIS, unsupervised during the pilot project tasks. *See* **Foley Dep. at 97 (Exhibit 99);** Appendix E: Eagle Daily Logs (Exhibit 93). | **Page 97 attached to Exhibit 99.** |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 136, p. 39 | "A prudent, knowledgeable purchaser would want to know the condition of major building systems. **Craffey Dep. at 62-63 (Exhibit 115).** A prudent knowledgeable purchaser would pay no more for a property than the cost to acquire a comparable site and construct improvements of a similar utility, less building depreciation." *See id.***;** Leary Rpt. at 25. | "A prudent, knowledgeable purchaser would want to know the condition of major building systems. **Craffey Dep. at 71, 74-76, 162, 166, 179, and 213-14 (Exhibit 115).** A prudent knowledgeable purchaser would pay no more for a property than the cost to acquire a comparable site and construct improvements of a similar utility, less building depreciation." *See id.***;** Leary Rpt. at 25.<br><br>**Pages 71, 74, 162, 166, 179, 213, and 214 attached to Exhibit 115.** |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 137, p. | "Patrick Craffey, Hartford's designated damages expert and professional appraiser, did not review reports document the dilapidated condition of the | **Page 88 attached to Exhibit 115.**<br><br>**Or** |

| | | |
|---|---|---|
| 40 | facilities, including the heating and cooling systems, age of the roof, plumbing, and electrical systems. Craffey Dep. at 75-77, 80, 83, **88**, 135, 159-60. | *See* **Exhibit 154, at 88.** |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 137, p. 40 | "Even though Craffey admitted to having no expertise . . . he did not consult any experts to assess the condition of those systems at the Clark School before coming to his value opinion." Craffey Dep. at 66-67, 83, **88**, 135, 159-60. | **Page 88 attached to Exhibit 115.**<br><br>**Or**<br><br>*See* **Exhibit 154, at 88.** |
| Defendants' Statement of Undisputed Material Facts, SOF ¶ 137, p. 40 | "His inspection of the building lasted less than an hour and did not include an inspection of the roof." Craffey Dep. **at 83.** | "His inspection of the building lasted less than an hour and did not include an inspection of the roof." Craffey Dep. **at 80, 83.** |
| Defendants' Response to Plaintiffs' Additional Material Facts, RAMF ¶ 7, pp. 8-9 | "When the now correctly identified pure PCB product was tested, according to Dr. Drinker's published paper, it was found to be 'almost non-toxic.'" **Drinker (1937)**, ECF No. 278-9 at 2-3 | "When the now correctly identified pure PCB product was tested, according to Dr. Drinker's published paper, it was found to be 'almost non-toxic.'" **Further Observation on the Possible Systemic Toxicity of Certain of the Chlorinated Hydrocarbons with Suggestions for Permissible Concentration in the Air of Workrooms, May 1939, TOXSTUDIES0085-90, attached as Hartford Exhibit 49, ECF 278-10 at 6.** |
| Defendants' Response to Plaintiffs' Additional Material Facts, RAMF ¶ 8, p. 11 | "These safe levels were adopted by NIOSH and OSHA." ATSDR Profile **at 11.** | "These safe levels were adopted by NIOSH and OSHA." ATSDR Profile **at 11-12.** |
| Defendants' Response to Plaintiffs' Additional Material Facts, | "As of 2016, there was still a continuing search for alternative plasticizers for polysulfides." Klosowski Dep. at **90.** | "As of 2016, there was still a continuing search for alternative plasticizers for polysulfides." Klosowski Dep. at **91.** |

-14-

102076302.3

| RAMF ¶ 27, p. 36 | | **Page 91 attached to Exhibit 145.** |
|---|---|---|
| Defendants' Response to Plaintiffs' Additional Material Facts, RAMF ¶ 30, p. 40 | "Klosowski proposed two alternatives to polysulfide caulks – silicone and polyurethane. Klosowski admitted that silicone has limitations even today. These limitations include high gas permeability, non-paintable, higher costs, has odor issues, and is prone to staining." Kloswoski Dep. **at 138-41.** | **Pages 138, 139, 140, and 141 attached to Exhibit 145.** |
| Defendants' Response to Plaintiffs' Additional Material Facts, RAMF ¶ 30, pp. 40, 41 | In the late 1950s, the one and two component silicone sealants could only adhere to a limited number of substrates, was corrosive and would not adhere to masonry, gave off a vinegar odor, could not tolerate large joint movements, and could not be used in contact with electric components." Klosowski Dep. at **143-49.** | **Pages 143 and 145 attached to Exhibit 145.** |
| Defendants' Response to Plaintiffs' Additional Material Facts, RAMF ¶ 34, p. 47 | "At the time, only Aroclors 1254 and 1260 were detected in the environment." *See* Hartford Exhibit 20, ECF No. **178**-4 at 55. | "At the time, only Aroclors 1254 and 1260 were detected in the environment." *See* Hartford Exhibit 20, ECF No. **278**-4 at 55. |
| Defendants' Response to Plaintiffs' Additional Material Facts, RAMF ¶ 38, p. 51 | "Inadvertent PCBs at lower levels were detected in other school building materials." *See* SOF¶¶34-36, Reitman Rpt. at 34-35, ECF No. 268-5 at 176-77 (discussing functional levels of PCBs.). | "Inadvertent PCBs at lower levels were detected in other school building materials." *See* SOF¶¶34-36, Reitman Rpt. at 34-35, **43,** ECF No. 268-5 at 176-77, **185** (discussing functional levels of PCBs.). |
| Defendants' Response to Plaintiffs' Additional Material Facts, RAMF ¶ 38, p. 51 | "Plaintiffs' expert formulator Klosowski, admit that because of PCBs' low volatility and low water solubility, PCBs tended to stay put in mixtures.  SOF ¶17; Klosowski Dep. at 55-56, ECF | "Plaintiffs' expert formulator Klosowski, admit that because of PCBs' low volatility and low water solubility, PCBs tended to stay put in mixtures.  SOF ¶17; Klosowski Dep. at 55-56, ECF |

|  | No. 268-5 at **231-32.** | No. 268-5 at **230-31.** |
|---|---|---|
| Defendants' Response to Plaintiffs' Additional Material Facts, RAMF ¶ 43, p. 57 | "For example, he claimed that Clark's location in an economically depressed area of Hartford was more valuable than locations in relatively affluent areas of West Hartford and Bloomfield." **Craffey Dep. at 367-68**; Craffey Report at 49, ECF No. 268-23 at 86. | **Pages 367 and 368 attached to Exhibit 115.** |

Respectfully submitted,

/s/ Thomas M. Goutman
**WHITE AND WILLIAMS LLP**
Thomas M. Goutman (*pro hac vice*)
Richard L. Campbell (*pro hac vice*)
Kim Kocher (*pro hac vice*)
1800 One Liberty Place
Philadelphia, PA 19103-7395
215-864-7000
*Attorneys for Defendants*
*Monsanto Company; Solutia Inc.;*
*and Pharmacia LLC*

**DAY PITNEY LLP**
Paul D. Williams (ct05244)
Elizabeth C. Barton (ct07660)
Michael L. Miller (ct29137)
Elizabeth P. Retersdorf (ct29178)
242 Trumbull Street
Hartford, CT 06103
860-275-0100
*Attorneys for Defendants*
*Monsanto Company; Solutia Inc.;*
*and Pharmacia LLC*

102076302.3

          **CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**
          Adam E. Miller (*pro hac vice*)
          7701 Forsyth Blvd., 12th Floor
          St. Louis, MO 63105
          314-721-7701*Attorneys for Defendants*
          *Monsanto Company; Solutia Inc.;*
          *and Pharmacia LLC*

102076302.3

-18-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon all counsel of record via the ECF system on February 1, 2019

/s/ Thomas M. Goutman

102076302.3